*797
 
 OPINION OF THE COURT
 

 Simons, J.
 

 The question submitted is whether it constituted error in this personal injury action for plaintiffs doctors to testify that she sustained (1) a "permanent consequential limitation of use of a body organ or member” and (2) "significant limitation of use of a body function or system”, two of the statutory components of the "serious injury” threshold as defined by Insurance Law § 5102 (d). We conclude that it did not.
 

 Plaintiff commenced this action seeking to recover damages for injuries to her right ankle and knee sustained when the vehicle she was driving collided with a vehicle driven by defendant Randy Green and owned by defendant Beverly Green. Plaintiff’s husband sought derivative damages. The testimony of which defendants complain was given during direct examination of plaintiff’s expert witnesses. To establish that plaintiff had sustained a serious injury, plaintiff’s two physicians were asked, in words tracking the statutory language, whether plaintiff sustained "a permanent consequential limitation” and "a significant limitation” of the use of a body member, function, organ or system. Over defendant’s objection both answered that she had. The doctors were also asked in nonstatutory language whether plaintiff had sustained a permanent injury and both answered that she had.
 

 At the conclusion of the trial, the court asked the jury to determine whether plaintiff had sustained (1) permanent loss of a body organ, member, function or system; (2) permanent consequential limitation of use of a body function or system; (3) significant limitation of use of a body function or system; or (4) a medically determined injury preventing normal activities for 90 out of the 180 days following the accident. The jury returned a verdict finding in plaintiff’s favor on questions 2, 3 and 4 and awarded her damages.
 

 Defendants claim the questions to the doctors were improper and inherently prejudicial because they posed the precise questions the jury was ultimately asked to answer in the interrogatories. They note that the jury answered the first question, asked of the doctors in nonstatutory language, in the negative, implying that the jury exercised independent judgment only when not influenced by the opinions expressed in the statutory words.
 

 The admission of expert opinion evidence is a matter which rests within the discretion of the Trial Judge. Generally, an
 
 *798
 
 "expert” should be permitted to offer an opinion on an issue which involves " 'professional or scientific knowledge or skill not within the range of ordinary training or intelligence’ ”
 
 (Selkowitz v County of Nassau,
 
 45 NY2d 97, 102, quoting
 
 Dougherty v Milliken,
 
 163 NY 527, 533). The test is one of need as applied to the unique circumstances of each case. If the jury requires the benefit of the expert’s specialized knowledge, the expert’s opinion should be allowed even when it bears on an ultimate question (Fisch, New York Evidence § 413, at 264 [2d ed]). Thus, the question before the Court distills to whether a "permanent consequential limitation” or a "significant limitation” of use of a body function, organ or system lie within the medical expert’s specialized knowledge.
 

 Whether an injury is permanent is usually a medical question beyond the knowledge of a lay jury. It was particularly so in this case in which plaintiff’s ankle and knee injuries could have been confused with effects of a hereditary orthopedic condition which required surgery on her right knee shortly after the accident. Whether a limitation of use or function is "significant” or "consequential” (i.e., important;
 
 see, Counter-mine v Galka,
 
 189 AD2d 1043, 1045) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part
 
 (see, Robillard v Robbins,
 
 168 AD2d 803,
 
 affd
 
 78 NY2d 1105).
 

 Proof of the extent of plaintiff’s injury is necessary because the legislative intent underlying the No-Fault Law was to weed out frivolous claims and limit recovery to significant injuries
 
 (see, Licari v Elliot,
 
 57 NY2d 230, 234-235). A medical judgment on the seriousness of plaintiff’s injury when the jury may not be able to resolve the question without expert opinion evidence is consistent with that legislative intent.
 

 The opinions of the physicians in this case, though framed in the language of questions submitted to the jury, were supported by objective evidence of plaintiff’s condition and treatment
 
 (see, Lopez v Senatore,
 
 65 NY2d 1017, 1020;
 
 and cf., Gaddy v Eyler,
 
 79 NY2d 955). That factual foundation provided defendants with an adequate basis upon which they were able to cross-examine the experts and challenge their opinions. Moreover, defendants were at liberty to call their own expert to testify on the subject and did so in this case. He testified that plaintiff sustained a 20% permanent loss of use of her ankle. Thus, there was sufficient evidence in the record
 
 *799
 
 upon which the jury could exercise its independent judgment without relying solely on conclusory answers to the statutory questions from plaintiffs experts. While we agree with defendant that there may be instances in which questions posed to experts in the statutory form are unduly prejudicial, we do not find them so in this case.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs.
 

 
 *800
 
 I