**John CONSORTI & Frances Consorti, Plaintiffs–Appellees,**

v.

**ARMSTRONG WORLD INDUSTRIES, INC., formerly known as Armstrong Cork Co.; Combustion Engineering, Inc., et al., Defendants,**

**Owens–Corning Fiberglas Corp., Defendant–Appellant.**

**No. 857, Docket 94–7501.**

United States Court of Appeals, Second Circuit.

Decided Aug. 28, 1995.

Amended Dec. 22, 1995.

On Remand Dec. 16, 1996.

---

Steven J. Phillips, New York City (Moshe Maimon, Robert I. Komitor, Alani Golanski, Levy Phillips & Konigsberg, New York City, of counsel), for Plaintiffs–Appellees.

William G. Ballaine, New York City (Mark S. Landman, Joanna L. Watman, Siff Rosen, New York City, of counsel), for Defendant–Appellant.

Before: NEWMAN, Chief Judge, ALTIMARI and LEVAL, Circuit Judges.

PER CURIAM:

By order dated July 1, 1996, the Supreme Court granted certiorari, vacated our judgment, and remanded to us for reconsideration in light of *Gasperini v. Center for Humanities, Inc.,* —— U.S. ——, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996).

The procedural history of the *Gasperini* case was very similar to ours. The district judge denied the defendant's application for remittitur and entered judgment based on the amount of the jury's verdict. On the

**4**

defendant's appeal from that ruling; a panel of this court, relying in part on our previous holding in *Consorti*, found the verdict to be excessive under New York law and ordered a new trial unless the plaintiff would acquiesce to a reduced award.

The reasoning that led to this disposition (in both the *Gasperini* and *Consorti* appeals) was as follows:

1. Under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), state law rather than federal law controls the question whether a verdict was excessive in a case tried in the diversity jurisdiction of the federal court.

2. For review of a remittitur decision on appeal, a New York statute, CPLR § 5501(c), commands the "appellate division" to decide excessiveness based on whether the jury's verdict "deviates materially from what would be reasonable compensation," a test which accords less deference to the jury's award than the traditional common law standard of "shocks the conscience," which is applied in federal cases.

3. As the federal counterpart of New York's appellate division, we are obligated to use the standard that New York law prescribes for it.

4. Applying that standard, the jury's verdict far exceeded what would be reasonable compensation and must therefore be remitted (unless the plaintiff prefers to opt for a new trial).

■ Review of *Gasperini* in the Supreme Court focussed primarily on two questions: First, whether state or federal law governs the issue of the excessiveness of a jury award in a diversity case; and second, whether remittitur is beyond the power of a federal appellate court sitting in diversity because the Seventh Amendment commands that "no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law" (a question which had not been raised below).

■ As to the first question, the Supreme Court affirmed our ruling that state law governs. On the second question, the Court ruled that "[N]othing in the Seventh Amendment ... precludes appellate review of the trial judge's denial of a motion to set aside [a jury verdict] as excessive." —— U.S. at ——, 116 S.Ct. at 2224 (quoting *Grunenthal v. Long Island R. Co.*, 393 U.S. 156, 164, 89 S.Ct. 331, 336, 21 L.Ed.2d 309 (1968) (Stewart, J., dissenting) (alterations in original)). The Court emphasized, however, that even in a diversity case the proper distribution of functions between the trial court and the court of appeals is a matter of federal law. In the federal system, "the district court is to determine whether the jury's verdict is within the confines set by state law" and the "court of appeals should then review the district court's determination under an abuse-of-discretion standard." —— U.S. at ——, 116 S.Ct. at 2224 (quoting *Browning–Ferris Industries v. Kelco Disposal, Inc.*, 492 U.S. 257, 279, 109 S.Ct. 2909, 2922, 106 L.Ed.2d 219 (1989)).

■ The Court observed that although CPLR § 5501(c) is expressly addressed to appellate review, New York courts have ruled that its "deviates materially" standard is also to be applied at the trial level. *Id.* at ——, 116 S.Ct. at 2218. Thus in a diversity case, applying New York law, the federal trial judge should also use that standard. *Id.* at ——–——, 116 S.Ct. at 2224–25. Finding that the district court in *Gasperini* had failed to "check[ ] the jury's verdict against the relevant New York decisions" and to employ the "deviates materially" standard, the Court ruled that the matter should be remanded so that the district court would apply the correct New York standard in the first instance, subject to review in the court of appeals for abuse of discretion. *Id.* at ——, 116 S.Ct. at 2225.

■ In the relevant respects, the posture of this case is identical to *Gasperini*. The district court's ruling on the question of excessiveness was governed more by federal court precedents than by the governing decisions of the New York state courts. Nor did the district court employ the "deviates materially" standard of the CPLR. Our review, furthermore, was plenary, rather than appropriately limited to review for abuse of discretion.

Following the Supreme Court's direction, we remand so that the district court may reconsider the motion for remittitur, "check the jury's verdict against the relevant New York decisions" and "test [it] against CPLR § 5501(c)'s 'deviates materially' standard." *Id.* The district court's decision will then be subject to appellate review only for abuse of discretion.