**Susan L. GOLDEN, a California citizen, Michael M. Golden, a California citizen, Plaintiffs–Appellees,**

v.

**WINJOHN TAXI CORP., a New York Corp., Jigger Service Corp., a New York Corp., Ernest Ogodo, a New York citizen, Defendants–Appellants.**

Docket No. 01–9121.

United States Court of Appeals, Second Circuit.

Oct. 1, 2002.

Thomas Torto, New York City, for Appellants.

Michael J. Coyle, New York City, for Appellees.

Present FEINBERG, STRAUB, and MAGILL,* Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED IN PART.

Defendants–Appellants Winjohn Taxi Corp. ("Winjohn"), Jigger Service Corp. ("Jigger"), and Ernest Ogodo ("Ogodo") appeal from an August 31, 2001, judgment and a December 7, 2001, post-trial Memorandum and Order entered by the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*) following a jury verdict in favor of Plaintiff Appellee Susan Golden ("Golden"). Defendants claim that the District Court erred in (1) denying their motions for judgment as a matter of law ("JMOL") on Golden's claim that she suffered a "serious injury" under N.Y. Ins. Law § 5104(a); (2) denying their post-trial motions for re-

---

* The Honorable Frank J. Magill, Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

mittitur or a new trial on damages; and (3) granting JMOL in favor of Golden on Defendant Jigger's claim that it is not vicariously liable for Golden's injuries.** In this order, we affirm the District Court's denial of the defendants' motions for JMOL on the issue of "serious injury," and affirm the District Court's denial of the defendants' motions for remittitur or a new trial on damages. We reserve decision on Jigger's appeal from the District Court's ruling that Jigger is vicariously liable for Golden's injuries. We will dispose of that portion of the appeal by separate opinion, to be filed at a later date.

On December 13, 1997, Golden was injured when a taxicab she was stepping into suddenly lurched forward. Defendant Ogodo was the taxicab driver, Defendant Winjohn owned the taxicab, and Defendant Jigger owned the taxicab medallion that was affixed to the taxicab. Golden suffered injuries to her right hip, knee, and elbow, and subsequently brought a negligence action against the defendants. At trial, the defendants conceded the liability of Ogodo and Winjohn, but contested the liability of Jigger. The court granted Golden's motion for JMOL with regard to Jigger's liability, and therefore the only issue submitted to the jury concerned Golden's damages.

In order to recover for non-economic losses resulting from a vehicle accident in New York, a plaintiff must show that she suffered a "serious injury." N.Y. Ins. Law § 5104(a). Relevant here, Golden sought to recover on the ground that she had suffered a "significant limitation of use of a body organ or member." *Id.* § 5102(d). The jury ruled in Golden's favor on this

claim and awarded her $100,000 for past pain and suffering. Defendants moved under Fed.R.Civ.P. 50(a)-(b) for JMOL at the close of evidence and again after the jury returned its verdict, arguing that Golden presented insufficient objective medical evidence quantifying any actual limitation of a "body function or system." The District Court denied both motions.

We review a District Court's denial of a motion for JMOL *de novo.* *See Coffey v. Dobbs Int'l Servs., Inc.,* 170 F.3d 323, 326 (2d Cir.1999). "After a party presents its case, judgment as a matter of law is appropriate when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Meloff v. N.Y. Life Ins. Co.,* 240 F.3d 138, 145 (2d Cir.2001) (internal quotation marks omitted). Thus, a motion for JMOL should be denied unless:

(1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or

(2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it].

*Id.* (alterations in the original). In weighing a motion for JMOL, the evidence should be viewed in the light most favorable to the party who prevailed at trial, and deference accorded to the jury's assessment of the evidence and the reasonable inferences drawn therefrom. *See id.*

In general, "[w]hether a limitation of use or function is 'significant' ... relates to medical significance and involves a com-

---

** Defendants also appeal from a prior denial of their motion for summary judgment on the issue of serious injury and Jigger's liability. However, "[t]he district court's judgment on the verdict after a full trial on the merits ...

supersedes the earlier summary judgment proceedings." *Pahuta v. Massey-Ferguson, Inc.,* 170 F.3d 125, 130 (2d Cir.1999) (internal quotation marks omitted).

parative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part." *Dufel v. Green*, 84 N.Y.2d 795, 798, 622 N.Y.S.2d 900, 647 N.E.2d 105 (1995) (citation omitted). Courts require that a plaintiff's claim of significant limitation be supported by "credible medical evidence of an objectively measured and quantified medical injury or condition." *Lanuto v. Constantine*, 192 A.D.2d 989, 596 N.Y.S.2d 944, 945 (1993). This requirement can be met by a physician's "qualitative assessment of a plaintiff's condition . . . provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body . . . function or system." *Toure v. Avis Rent A Car Sys., Inc.*, 98 N.Y.2d 345, 350, 746 N.Y.S.2d 865, 774 N.E.2d 1197 (2002). "[A] minor, mild or slight limitation of use should be classified as insignificant within the meaning of the statute." *Licari v. Elliott*, 57 N.Y.2d 230, 236, 455 N.Y.S.2d 570, 441 N.E.2d 1088 (1982). Moreover, subjective complaints of discomfort or pain are insufficient to constitute a "significant limitation." *See Scheer v. Koubek*, 70 N.Y.S.2d 678, 679, 518 N.Y.S.2d 788, 512 N.E.2d 309 (1987).

■ At trial, Golden testified that following the accident, she was bed-ridden for three weeks, was unable to walk without the assistance of a cane or walker for three months, was unable to drive or leave home without her husband's assistance for five months, and continued to have difficulty negotiating stairs and walking long distances at the time of trial.

Plaintiff's treating physician, Dr. Harrington, made the following assessments of Golden's condition: (1) In the accident, Golden sustained severe bruising of her right hip, knee, elbow, and upper arm area.; (2) one-and-a-half months after the accident, Golden continued to suffer pain, experienced "significant weakness" in her upper arm, and her knee showed "significant patellofemoral crepitation," which is damage causing "a crack or crunch, or friction sensation" when the knee is straightened; (3) a little over two months after the accident, Golden "basically still had some swelling in her knee but had regained a full range of knee motion. She still had the black-and-blue area over the right [hip] . . . and the associated aching and discomfort and tenderness there. Her elbow was improving and she had regained essentially normal motion in the elbow"; (4) four months after the accident, Golden continued to have knee pain, exhibited "some evidence of tendinitis in the knee . . . related to the bruising that occurred at the time of the accident," and had difficulty negotiating stairs and hills; (5) ten months after the accident, Golden "had pain with straightening her knee out and with putting stress on the patellofemoral part of the joint[,] which basically means going downstairs and going down hills and getting up from chairs . . . ." and her X-ray showed "patellofemoral changes," or "mild arthritic changes."

Dr. Flink, Defendants' doctor, testified that when she examined Golden approximately six months after the accident, Golden had a full range of motion in her right elbow and her hip and knee tests were normal. Golden did have tenderness in all three areas. On cross examination, Dr. Flink acknowledged that lifting heavy objects, sitting, walking, and rising from a seated position are important functions for most people.

Based on Dr. Harrington's assessments of Golden's injuries, including his observation of physical changes in her knee and his description of her difficulties walking, descending stairs, and straightening her knee, we conclude that it was reasonable

for a jury to find that Golden suffered from a "significant limitation of use of a body organ or member." Dr. Harrington's physical observations and diagnoses correlated to the limitations Golden described in her testimony. *See, e.g., Quinn v. Licausi,* 263 A.D.2d 820, 693 N.Y.S.2d 762, 763 (1999) ("In light of [plaintiff's] expert testimony, which, if credited, provided a medical foundation for plaintiff's complaints . . ., the question of whether plaintiff suffered from a serious injury was properly left for jury resolution."). Although Dr. Harrington noted a full range of motion in Golden's knee and elbow a few months after the accident, his subsequent examinations detailed the continued limitations in Golden's use of her knee and the continued physical effects from the accident. Accordingly, we find no error in the District Court's decision denying JMOL for the defendants.

■ Defendants also appeal from the District Court's denial of their motion to reduce Golden's damage award of $100,000 or for a new trial on damages. *See* Fed. R.Civ.P. 59. In this diversity case, New York state law requires that district courts determine whether the award "deviates materially from what would be reasonable compensation." *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 423, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996). "If a district court finds that a verdict is excessive, it may order a new trial, a new trial limited to damages, or, under the practice of remittitur, may condition a denial of a motion for a new trial on the plaintiff's accepting damages in a reduced amount." *Lee v. Edwards,* 101 F.3d 805, 808 (2d Cir.1996) (internal quotation mark omitted). A district court's ruling on a remittitur motion is reviewed for abuse of discretion. *See Gasperini,* 518 U.S. at 438; *Consorti v. Armstrong World Indus., Inc.,* 103 F.3d 2, 4–5 (2d Cir.1996).

The District Court found that the award was not unreasonable as compared to verdicts awarded in other personal injury cases. Defendants argue that the award was excessive given that Golden suffered "mere bruises." However, the evidence plainly established that Golden suffered more than mere bruises. Therefore, we find no abuse of discretion.

The District Court entered judgment against all three defendants. For the reasons set forth above, the August 31, 2001, judgment and December 7, 2001, post-trial Memorandum and Order of the District Court are hereby AFFIRMED with respect to Defendants Ogodo and Winjohn. We reserve decision on the issue of Jigger's liability, and will decide that issue by separate opinion at a later date.