323 F.3d 185
 Susan L. GOLDEN, a California Citizen, Michael M. Golden, a California Citizen, Plaintiffs-Appellees,
v.
WINJOHN TAXI CORP., a New York Corp, Jigger Service Corp., a New York Corp., Ernest Ogodo, a New York Citizen, Defendants-Appellants.
 Docket No. 01-9121.
 United States Court of Appeals, Second Circuit.
 Argued: September 20, 2002.
 Decided: March 20, 2003.
 
 Appeal from judgment of the United States District Court for the Southern District of New York, Sidney H. Stein, Judge.
 Michael J. Coyle, New York, N.Y., for Plaintiffs-Appellees.
 Thomas Torto, New York, N.Y. (Jason Levine, on the brief), for Defendants-Appellants.
 Before: FEINBERG, STRAUB, and MAGILL*, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants-Appellants Winjohn Taxi Corp. ("Winjohn"), Jigger Service Corp. ("Jigger"), and Ernest Ogodo ("Ogodo") appealed from an August 30, 2001 judgment and a December 7, 2001 post-trial memorandum and order of the United States District Court for the Southern District of New York (Sidney H. Stein, Judge) following a jury verdict in favor of Plaintiff-Appellee Susan Golden ("Golden"). As Golden attempted to get into a taxicab driven by Ogodo, the vehicle lurched forward and Golden was injured. (Winjohn owned the taxicab, and Jigger owned the medallion affixed to the taxicab.) At trial, the defendants conceded the liability of Ogodo and Winjohn based on Ogodo's negligence and the judge granted Golden's motion for judgment as a matter of law as to Jigger's liability. The jury subsequently awarded $100,000 in damages to Golden on her claim that she suffered a "serious injury" under N.Y. Ins. Law § 5104(a).
 
 
 2
 By summary order filed on October 1, 2002, we affirmed (with respect to Defendants Ogodo and Winjohn) the District Court's denial of the defendants' motions for judgment as a matter of law on Golden's serious injury claim, and also affirmed its denial of their post-trial motions for remittitur or, in the alternative, for a new trial on damages. See Golden v. Winjohn Taxi Corp., No. 01-9121, 47 Fed.Appx. 599 (2d Cir.2002) (unpublished summary order). We reserved decision on the question of whether Jigger, as the owner of the taxicab medallion (but not the owner of the taxicab that Ogodo was driving when he caused Golden's injuries), can be held vicariously liable for Ogodo's negligence under N.Y.C. Admin. Code § 19-530(l). See id.
 
 
 3
 In an opinion filed November 21, 2002, we determined that the resolution of this issue—whether N.Y.C. Admin. Code § 19-530(l) establishes a basis for vicarious liability for taxicab medallion owners— affects a highly regulated New York City industry and raises complicated questions of state law and policy that are better addressed in the first instance by the New York Court of Appeals. See Golden v. Winjohn Taxi Corp., 311 F.3d 513 (2d Cir.2002). For these reasons, we certified the following question to the New York Court of Appeals:
 
 
 4
 Does N.Y.C. Administrative Code § 19-530(l) establish vicarious liability against a taxicab medallion owner for the negligence of a taxicab driver, including in instances in which the vehicle involved in an accident is owned by another individual or entity but is operating under the authority of the medallion owner's medallion?
 
 
 5
 On January 9, 2003, the Court of Appeals accepted the certified question and scheduled the matter for briefing and argument. See Golden v. Winjohn Taxi Corp., 99 N.Y.2d 567 (2003).
 
 
 6
 By letter dated March 6, 2003, we were advised by the parties that they had reached a settlement of the underlying tort claims. Pursuant to their stipulation of settlement, signed March 4, 2003, the parties seek a voluntary dismissal of Jigger's appeal with prejudice and without costs or attorneys' fees to any party. The parties also request that the question certified to the New York Court of Appeals be withdrawn. Accordingly, the appeal pending before this court is withdrawn, terminated and dismissed with prejudice, without costs to either party. We hereby withdraw our November 21, 2002 certification to the New York Court of Appeals, cf. Riordan v. Nationwide Mut. Fire Ins. Co., 984 F.2d 69 (2d Cir.1993), and order that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals a letter withdrawing the certified question, together with a copy of this opinion and further extending to the New York Court of Appeals this court's appreciation and respect.
 
 
 
 Notes:
 
 
 *
 The Honorable Frank J. Magill, Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation