[827 NE2d 265, 794 NYS2d 282]

WENDE C. et al., Appellants, v UNITED METHODIST CHURCH, NEW YORK WEST AREA, Defendant, and WESTERN NEW YORK CONFERENCE OF UNITED METHODIST CHURCH et al., Respondents.

Argued January 4, 2005; decided February 22, 2005

## POINTS OF COUNSEL

*Christina A. Agola,* Rochester, for appellants. I. The Appellate Division erred in affirming the decision of the trial court that granted Pastor T. summary judgment sua sponte on the claim of sexual battery. (*Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Zuckerman v City of New York,* 49 NY2d 557; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Lui v Park Ridge at Terryville Assn.,* 196 AD2d 579; *Ferrante v American Lung Assn.,* 90 NY2d 623; *Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439; *S.J. Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338; *Prozeralik v Capital Cities Communications,* 82 NY2d 466; *Joshua S. v Casey,* 206 AD2d 839.) II. Claims for breach of fiduciary duty are not barred by the First Amendment. (*Employment Div., Dept. of Human Resources of Or. v Smith,* 494 US 872; *Cantwell v Connecticut,* 310 US 296; *Avitzur v Avitzur,* 58 NY2d 108, 464 US 817; *First Presbyt. Church of Schenectady v United Presbyt.*

*Church in U.S. of Am.,* 62 NY2d 110, 469 US 1037; *Park Slope Jewish Ctr. v Congregation B'nai Jacob,* 90 NY2d 517; *Jones v Wolf,* 443 US 595; *Langford v Roman Catholic Diocese of Brooklyn,* 271 AD2d 494; *Jones v Trane,* 153 Misc 2d 822; *Sanders v Casa View Baptist Church,* 134 F3d 331, 898 F Supp 1169.) III. Clergy malpractice is distinguishable from breach of fiduciary duty. (*Penato v George,* 52 AD2d 939; *Martinelli v Bridgeport R.C. Diocesan Corp.,* 196 F3d 409; *Sanders v Casa View Baptist Church,* 134 F3d 331; *Schmidt v Bishop,* 779 F Supp 321; *Langford v Roman Catholic Diocese of Brooklyn,* 271 AD2d 494; *First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am.,* 62 NY2d 110; *Sharon B. v Reverend S.,* 244 AD2d 878; *Jones v Trane,* 153 Misc 2d 822; *Roy v Hartogs,* 81 Misc 2d 350; *Reynold v United States,* 98 US 145.) IV. The Appellate Division erred in granting summary judgment to defendants Western New York Conference of the United Methodist Church, David Lubba, and Bishop Hae-Jong Kim for negligent hiring, supervision and retention. (*Curtis v City of Utica,* 209 AD2d 1024; *Kirkman v Astoria Gen. Hosp.,* 204 AD2d 401, 84 NY2d 811, 85 NY2d 858; *Kenneth R. v Roman Catholic Diocese of Brooklyn,* 229 AD2d 159.)

*Trevett, Lenweaver & Salzer, P.C.,* Rochester (*James C. Gocker* and *A. Katherine Piccola* of counsel), for Bishop Hae-Jong Kim, respondent. I. The Appellate Division properly affirmed the decision of the trial court in granting Pastor T. summary judgment sua sponte on the claim of sexual battery. (*Alvarez v Prospect Hosp.,* 68 NY2d 320; *Peters v Frontier Hot-Dip Galvanizing,* 222 AD2d 1113; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Hart v Child's Nursing Home Co.,* 298 AD2d 721; *Sharon B. v Reverend S.,* 244 AD2d 878; *Doe v Roe,* 192 AD2d 1089; *Sanders v Rosen,* 159 Misc 2d 563; *Coopersmith v Gold,* 172 AD2d 982.) II. Plaintiffs' unpleaded claim for breach of a fiduciary duty by a clergy member is barred by the First Amendment, and the Appellate Division properly found that Bishop Hae-Jong Kim did not breach a fiduciary duty to plaintiffs. (*Weil, Gotshal & Manges v Fashion Boutique of Short Hills,* 10 AD3d 267; *Proskauer Rose v Asia Elecs. Holding Co.,* 2 AD3d 196; *Murray Hill Invs. v Parker Chapin Flattau & Klimpl,* 305 AD2d 228; *Turk v Angel,* 293 AD2d 284; *InKine Pharm. Co. v Coleman,* 305 AD2d 151; *Daniels v Lebit,* 299 AD2d 310; *Leather v United States Trust Co. of N.Y.,* 279 AD2d 311; *Tyborowski v Cuddeback & Onofry,* 279 AD2d 763; *Langford v Roman Catholic Diocese of Brooklyn,* 271 AD2d 494; *Ehrens v Lutheran Church-Mo. Synod,* 269 F Supp 2d 328.) III. The Appellate Divi-

sion properly granted summary judgment in favor of Bishop Hae-Jong Kim because he cannot be vicariously liable for Pastor T.'s alleged conduct. (*Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932; *Jones v Weigand*, 134 App Div 644; *Paul J.H. v Lum*, 291 AD2d 894; *Koren v Weihs*, 190 AD2d 560; *Noto v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 160 AD2d 656, 76 NY2d 714; *Joshua S. v Casey*, 206 AD2d 839.) IV. The Appellate Division properly found that plaintiffs' claim for breach of fiduciary duty was, in essence, a claim for clergy malpractice which is not cognizable in New York. (*Schmidt v Bishop*, 779 F Supp 321; *Joshua S. v Casey*, 206 AD2d 839; *Trott v Merit Dept. Store*, 106 AD2d 158; *Masters v Becker*, 22 AD2d 118; *Mazzaferro v Albany Motel Enters.*, 127 AD2d 374; *Rafferty v Arnot Ogden Mem. Hosp.*, 140 AD2d 911; *Jones v Trane*, 153 Misc 2d 822.) V. The Appellate Division properly found no issues of material fact exist as to plaintiffs' negligent hiring, retention and/or supervision claims. (*Honohan v Martin's Food of S. Burlington*, 255 AD2d 627; *Rodriguez v United Transp. Co.*, 246 AD2d 178; *Paul J.H. v Lum*, 291 AD2d 894; *Karaduman v Newsday, Inc.*, 51 NY2d 531.)

*Bond, Schoeneck & King, PLLC*, Syracuse (*Jonathan B. Fellows* and *Brian J. Butler* of counsel), for Western New York Conference of the United Methodist Church and another, respondents. I. The majority below properly held that the relationship between Pastor T. and Wende C. is not actionable as a battery. (*Sanders v Rosen*, 159 Misc 2d 563; *Coopersmith v Gold*, 172 AD2d 982.) II. The majority below properly held that appellants' unpleaded claim for breach of fiduciary duty is indistinguishable from the unrecognized cause of action for clergy malpractice. (*Lightman v Flaum*, 97 NY2d 128; *Schmidt v Bishop*, 779 F Supp 321; *Langford v Roman Catholic Diocese of Brooklyn*, 271 AD2d 494; *Dausch v Rykse*, 52 F3d 1425; *Proskauer Rose v Asia Elecs. Holding Co.*, 2 AD3d 196; *Murray Hill Invs. v Parker Chapin Flatteau & Klimpl*, 305 AD2d 228; *Turk v Angel*, 293 AD2d 284; *InKine Pharm. Co. v Coleman*, 305 AD2d 151; *Daniels v Lebit*, 299 AD2d 310; *Leather v United States Trust Co. of N.Y.*, 279 AD2d 311.) III. The majority below properly held that the Western New York Conference of the United Methodist Church and David Lubba are not vicariously liable to plaintiffs. (*Schmidt v Bishop*, 779 F Supp 321; *Karaduman v Newsday, Inc.*, 51 NY2d 531; *Paul J.H. v Lum*, 291 AD2d 894; *Joshua S. v Casey*, 206 AD2d 839.)

**OPINION OF THE COURT**

CIPARICK, J.

Plaintiffs Wende C. and David C. were parishioners at Hosanna Junction United Methodist Church. During the period between January 1999 and April 2000, they sought individual counseling services from the church pastor Dr. G. Charles T. (Pastor T.). In the course of engaging in apparently intermittent ministerial counseling, Wende C. and the pastor developed a sexual relationship that lasted several months. On November 2, 2000, after David discovered the affair, plaintiffs commenced this action against defendants Pastor T., the Hosanna Junction United Methodist Church and various other ecclesiastical entities and officials for sexual battery, intentional infliction of emotional distress, clergy malpractice and negligent retention and supervision.

Supreme Court denied plaintiffs' motions and cross motion for summary judgment, granted summary judgment sua sponte to the pastor, and granted the motion and cross motions of the remaining defendants for summary judgment, dismissing the complaint in its entirety. Plaintiffs appealed, and a divided Appellate Division affirmed. As relevant here, the majority held that the claims of battery—arising from incidents of touching that occurred more than a year prior to commencement of this action—were time-barred (*see* CPLR 215 [3]). As to the remaining encounters between Wende C. and Pastor T., the majority concluded that the record established as a matter of law that their "romantic attachment was mutual and the[ir] sexual contact [was] consensual" (6 AD3d 1047, 1049 [2004]).

The majority next addressed plaintiffs' argument that, in carrying on a sexual relationship with Wende C., the pastor breached his fiduciary duty.[1] While noting that plaintiffs failed to plead this cause of action, the majority concluded "that there is no meaningful analytical distinction between a cause of action for breach of fiduciary duty by a cleric and one for clergy malpractice" (*id.* at 1050). Finally, the majority dismissed the negligent supervision and retention claims on the ground that no vicarious liability existed in the absence of any wrongful or actionable conduct by Pastor T.

Two Justices dissented in part, voting to reinstate the sexual battery and breach of fiduciary duty causes of action against

---

1. It should be noted that Pastor T. had no license for professional counseling that might give rise to a complaint under the Education Law.

Pastor T. and the claims of negligent supervision and retention against defendants Western New York Conference of the United Methodist Church, District Superintendent David Lubba and Resident Bishop Hae-Jong Kim. Plaintiffs appeal as of right based on the two-Justice dissent, and we now affirm.

■ It is well settled that Supreme Court may grant a party summary judgment absent a cross motion for such relief where judgment is required as a matter of law (*see* CPLR 3212 [b]). A valid claim for battery exists where a person intentionally touches another without that person's consent (*see* PJI2d 3:3 [2005]; *see also* Restatement [Second] of Torts § 18, Comment *d*, Illustration 1). Here, there is no dispute that Pastor T. intended the subject physical contact with Wende C. The parties only contest whether his actions were based on a lack of consent.[2]

■ On the record before us, we conclude that as a matter of law the sexual relationship between the parties was indeed consensual. There exist no questions of fact "as to what occurred, [and] when" (dissenting op at 300). Indeed, Wende C. admitted that, on February 25, 1999, she initiated discussions with Pastor T. concerning her attraction to him. While she informed him that she preferred to terminate the ministerial counseling at that time, the record includes a sample of subsequent e-mails exchanged between the two expressing a shared affection and professing a growing love for one another. To be sure, after the affair was discovered, Wende C. took the initiative of forwarding these same e-mails to members of the congregation with the stated intention of demonstrating that the subject relationship was "very mutual." Referring to the electronic correspondence as setting forth "a clearer, more accurate and truthful picture" of the affair, she stated in the accompanying letter: "[Pastor T.] was just as responsible as I was in regards to how [the relationship] began and the course it followed."

No record evidence exists that either Wende C.'s physical or emotional condition or prescribed medication impaired her ability to engage in a romantic relationship with Pastor T. or to consent to his physical contact. As there is no proof that Wende C. suffered from infancy, mental impairment or physical

---

**2.** [1] Our discussion here is limited to plaintiffs' allegations of unwanted touching that occurred after November 2, 1999. Any battery cause of action arising from contact between the parties before that date is barred by the applicable one-year statute of limitations (*see* CPLR 215 [3]).

helplessness so as to render her consent impossible, Pastor T.
was properly granted summary judgment sua sponte on the bat-
tery claim.

Moving next to plaintiffs' contentions that Pastor T. breached
his fiduciary duties to them, we note that these causes of action
were not specifically pleaded. The complaint does not contain
any allegation that Pastor T. breached his fiduciary duty to Da-
vid C. during the period that David received counseling services
from the pastor. The language in the complaint most resembling
a fiduciary cause of action is found in a paragraph that refers
only to Wende C. The paragraph alleges that Pastor T. exploited
Wende "in the guise of providing pastoral counselling . . . and
in breach of the sacred trust between counsellor and careseeker
in the course of the ministerial relationship." The complaint
continues to state that the sexual battery alleged therein oc-
curred while Pastor T. "was acting within the authority granted
to him by the defendant Church . . . under the guise of his role
as pastor in the ministerial relationship between himself and
. . . a congregant, and [in] his position as a responsible member
of the clergy."

While the complaint's brief reference to a "sacred trust"
may arguably be couched as alluding to a fiduciary duty, the
surrounding language and the allegations that follow sound in
clergy malpractice, which would improperly require courts to
examine ecclesiastical doctrine in an effort to determine the
standard of due care owed to parishioners undergoing ministe-
rial counseling (*see First Presbyt. Church of Schenectady v
United Presbyt. Church in U.S. of Am.*, 62 NY2d 110, 116 [1984]
[providing that "civil courts are forbidden from interfering in or
determining religious disputes"]; *see also Maryland & Va. Elder-
ship of Churches of God v Church of God at Sharpsburg, Inc.*,
396 US 367, 369 [1970] [Brennan, J., concurring]). Given that
no fiduciary cause of action is properly before us, we leave open
for another day the question whether such a claim may arise
between a cleric and a parishioner under very different circum-
stances, not present here. Plaintiffs' remaining contentions are
without merit.

Accordingly, the order of the Appellate Division should be af-
firmed, with costs.

G.B. Smith, J. (dissenting in part). The two-Justice dissent in
the Appellate Division concluded that summary judgment
should not be granted because of contested allegations of sexual

battery alleged to have occurred within one year of the action which was filed in November 2000 and because of the defendant pastor's breach of a fiduciary relationship. Based upon the dissent at the Appellate Division, I dissent here. I write only to emphasize several points.

Defendant Pastor T. did not oppose the plaintiffs' motion for summary judgment against him. Rather, plaintiffs moved for summary judgment and the defendants, other than Pastor T., cross-moved for summary judgment. The motion court denied the plaintiffs' motion and granted the defendants' motion. It further searched the record and, on its own motion, granted summary judgment in favor of Pastor T. against the plaintiffs.

It is undisputed that the plaintiffs received marital counseling from Pastor T. The plaintiffs contend that while they were undergoing counseling, said defendant committed battery by forcing himself sexually upon Wende C. Plaintiffs contend further that Pastor T. breached his fiduciary duty by engaging in an inappropriate sexual relationship during the time that he was counseling the marital couple.

Insofar as sexual battery is concerned, there is a question of fact as to what occurred, when it occurred and whether there was consent. As for the allegation of a breach of a fiduciary relationship, I cannot agree with the majority at the Appellate Division that there is no difference between an allegation of clergy malpractice, which would improperly involve the courts in ecclesiastical matters, and breach of a fiduciary relationship.* What plaintiffs are alleging is that Pastor T. held himself out as a person qualified to give marital counseling, that they went to him seeking counseling for marital problems and that he breached a duty owed to them. Thus, plaintiffs are making allegations similar to those made against a psychiatrist who holds himself out as a person able to assist with problems of a psychological nature and then abuses the trust. In discussing their disagreement with the majority, the dissenters at the Appellate Division stated:

> "We disagree with the majority's conclusion that 'there is no meaningful analytical distinction between a claim of breach of fiduciary duty by a cleric and one for clergy malpractice.' In our view, there is a subtle and important difference between a clergy

---

* The majority opinion here does not discuss the issue of the difference between clergy malpractice and breach of a fiduciary duty.

malpractice cause of action and one sounding in breach of fiduciary duty. A cause of action based upon breach of fiduciary duty rests not on the violation of a generalized professional standard, but on the abuse of a particularized relationship of trust (*see Mandelblatt v Devon Stores*, 132 AD2d 162, 168 [1987], quoting Restatement [Second] of Torts § 874, Comment *a* [' "A fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation" ']).'' (6 AD3d 1047, 1055 [2004].)

Plaintiff Wende C. alleges that between November 2, 1999, and February 2000, while the pastor was giving marriage counseling to the plaintiffs, he engaged in instances of unwanted sexual contact against Wende C. These included an instruction to perform oral sex on him on November 2, 1999, sexual fondling and other sexual acts in a car on November 16, 1999, kissing on December 24, 1999, and fondling on January 21, 2000. All of these instances allegedly occurred after counseling sessions. Moreover, the statute of limitations had not run on these incidents prior to the filing of the lawsuit.

In addition, plaintiffs' allegation is that while Pastor T. was engaging in marital counseling, he breached a duty of trust by engaging in sexual encounters. In the words of the dissenters at the Appellate Division, "while the existence of a clergy malpractice claim would depend on defining and evaluating a cleric's religious duty, a claim for breach of fiduciary duty depends only upon an evaluation of whether a relationship of trust and confidence exists and whether that trust and confidence have been abused." (*Id.* at 1056.)

Other states have concluded that an action for breach of a fiduciary duty can be maintained where a pastor engages in an inappropriate sexual relationship when pastoral counseling is sought (*see, for example, F.G. v MacDonell*, 150 NJ 550, 696 A2d 697 [1997]; *Sanders v Casa View Baptist Church*, 134 F3d 331 [Tex 1998]; *Destefano v Grabrian*, 763 P2d 275 [Colo 1988]).

For these reasons I would permit plaintiffs to prove their allegations against all of the defendants.

Chief Judge KAYE and Judges ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur with Judge CIPARICK; Judge G.B. SMITH dissents in part in a separate opinion.

Order affirmed, with costs.