■ NARIJE HOXHA, Respondent, v NICHOLAS McEACHERN et al., Appellants. [840 NYS2d 89]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Balter, J.), dated July 26, 2006, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law as to part of the plaintiff's serious injury claim by showing, through competent medical evidence, that she did not sustain a "permanent consequential limitation of use" of a body organ, member, function, or system as a result of the subject accident (Insurance Law § 5102 [d]; *see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, however, the plaintiff raised a triable issue of fact by submitting competent medical evidence to the contrary (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352-353 [2002]).

Moreover, the defendants failed to establish, prima facie, that the plaintiff did not sustain "a medically determined injury or impairment of a non-permanent nature which prevent[ed] [her] from performing substantially all of the material acts which constitute [her] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]). The defendants' claims that the plaintiff's injuries were the result of her "subjective complaints" and that any restriction in her daily activities "was of her own volition" were unsupported by any competent evidence (*see Dufel v Green*, 84 NY2d 795, 798 [1995]). Significantly, the defendants' neurological expert, who reviewed, inter alia, the diagnostic test reports generated in the days and weeks following the subject accident, offered no opinion as to the nature, seriousness, or potential cause of any condition or finding documented therein. Consequently, the defendants failed to make out a prima facie case with respect to the plaintiff's claim of serious injury based on the 90/180-day category (*see Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]). Spolzino, J.P., Fisher, Lifson and Dickerson, JJ., concur.