JANE DOE et al., Appellants, v ROMAN CATHOLIC DIOCESE OF ROCHESTER et al., Respondents. [857 NYS2d 866]—

Appeal from an order of the Supreme Court, Monroe County (Stephen K. Lindley, J.), entered February 15, 2007. The order granted defendants' motions to dismiss the complaint.

It is hereby ordered that the order so appealed from is modified on the law by denying the motion of defendant Peter M. DeBellis in part and reinstating the breach of fiduciary duty cause of action of plaintiff Jane Doe against him and by denying the motion of defendants Roman Catholic Diocese of Rochester and Bishop Matthew H. Clark in part and reinstating the negligent retention and supervision claims of plaintiff Jane Doe against defendant Roman Catholic Diocese of Rochester and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action against, inter

alia, a priest at their former church, seeking to recover damages allegedly sustained as the result of an adulterous relationship between Jane Doe (plaintiff) and the priest who had undertaken to provide her with marriage counseling. Supreme Court granted defendants' motions to dismiss the complaint pursuant to CPLR 3211 (a) (7), for failure to state a cause of action. We conclude that the court erred in granting that part of the motion of defendant Peter M. DeBellis, the priest, seeking dismissal of the breach of fiduciary duty cause of action of plaintiff against him. We therefore modify the order accordingly.

Breach of fiduciary duty is a tort that arises from the violation of a relationship of trust and confidence (*see Rich v New York Cent. & Hudson Riv. R.R. Co.*, 87 NY 382, 390 [1882]). A fiduciary relationship may arise where trust and confidence has been placed in another (*see Fisher v Bishop*, 108 NY 25, 28-29 [1888]), and where the alleged fiduciary has assumed control, care, and responsibility for the injured party (*see Matter of Gordon v Bialystoker Ctr. & Bikur Cholim*, 45 NY2d 692, 698 [1978]). A breach of fiduciary duty occurs when the fiduciary acts in a manner that is contrary to the interest of the person to whom loyalty is owed and thus, contrary to defendants' contention, the issue whether there was a breach of the fiduciary relationship between defendant priest and plaintiff, a parishioner, may be decided without excessive entanglement into ecclesiastical affairs (*see generally* Restatement [Second] of Torts § 874, Comment *a; Mandelblatt v Devon Stores*, 132 AD2d 162, 168 [1987]).

We reject the determination of the court that our decision in *Wende C. v United Methodist Church, N.Y. W. Area* (6 AD3d 1047 [2004], *affd* 4 NY3d 293 [2005], *cert denied* 546 US 818 [2005]) is not distinguishable from this case. Here, the complaint alleges that the sexual misconduct of the defendant priest was a breach of the fiduciary duty that he owed to plaintiff because he had held himself out as a person qualified to conduct marriage counseling, and plaintiff went to him for that purpose. Furthermore, the complaint alleged that the duty assumed by the defendant priest was "secular in nature, and devoid of any religious dogma or essence." In *Wende C.*, however, the gravamen of the complaint was clerical malpractice, and the complaint in that case did not in fact allege the breach of a fiduciary duty or that the duty assumed by the defendant cleric therein was secular in nature. We affirmed the order in *Wende C.* and determined, inter alia, that Supreme Court in that case had properly searched the record and dismissed the cause of action for clergy malpractice against the defendant cleric. Although

the Court of Appeals subsequently affirmed our order in *Wende C.*, the Court specified that it was "leav[ing] open for another day the question whether [a cause of action for breach of fiduciary duty] may arise between a cleric and a parishioner under very different circumstances, not present here" (*id.* at 299). We conclude herein that, at this stage of the litigation, a cause of action for breach of fiduciary duty against the defendant priest has been pleaded. In our view, discovery should be permitted to proceed to enable a court to determine whether the circumstances herein in fact support that cause of action.

We further conclude that the court erred in granting those parts of the motion of defendants Roman Catholic Diocese of Rochester (Diocese) and Bishop Matthew H. Clark seeking dismissal of the claims of plaintiff against the Diocese for the negligent retention and supervision of the defendant priest, inasmuch as the complaint alleges that the Diocese knew about his alleged misconduct and failed to take any remedial measures (*see generally Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 163-164 [1997], *cert denied* 522 US 967 [1997], *lv dismissed* 91 NY2d 848 [1997]). We therefore further modify the order accordingly.

Finally, we conclude that the court properly granted those parts of defendants' motions to dismiss the claims of plaintiff John Doe inasmuch as there is no allegation that the defendant priest undertook to provide counseling services to him.

All concur except Hurlbutt and Centra, JJ., who dissent in part and vote to affirm in the following memorandum.

Hurlbutt and Centra, JJ. (dissenting in part). We respectfully dissent in part. In our view, Supreme Court properly concluded that this case is indistinguishable from *Wende C. v United Methodist Church, N.Y. W. Area* (6 AD3d 1047 [2004], *affd* 4 NY3d 293 [2005], *cert denied* 546 US 818 [2005]), and thus properly granted defendants' motions to dismiss the complaint in its entirety for failure to state a cause of action. In *Wende C.*, in which the facts are markedly similar to those alleged in the instant complaint, this Court held, inter alia, that Supreme Court had properly searched the record and granted the defendant cleric summary judgment dismissing the cause of action for clergy malpractice against him. We wrote that "[n]o such cause of action is cognizable in New York, because any attempt to define the duty of care owed by a member of the clergy to a congregant or parishioner would result in excessive entanglement on the part of the court in matters of religion" (*id.* at 1050). We further held that the court had properly dismissed the complaint against the defendant cleric "insofar as it may be construed to

allege a breach of fiduciary duty," inasmuch as "there is no meaningful analytical distinction between a cause of action for breach of fiduciary duty by a cleric and one for clergy malpractice" (*id.*). We reasoned that, because the alleged relationship of trust and confidence between the defendant cleric and the plaintiffs arose solely out of a pastoral relationship and the pastor was not licensed or otherwise credentialed as a therapeutic counselor, a claim for breach of fiduciary duty could not be resolved by the application of neutral principles of law (*see id.* at 1051).

In affirming our order in *Wende C.*, the Court of Appeals concluded that the plaintiffs had not "specifically pleaded" a cause of action for breach of fiduciary duty against the defendant cleric, and left "open for another day the question whether such a claim may arise between a cleric and a parishioner under very different circumstances" (4 NY3d at 299). Having left that question open, the Court left unaffected our holding that a parishioner who engaged in sexual relations with her pastor in the course of pastoral counseling has no cause of action for breach of fiduciary duty against a pastor where the pastor has no recognized license or credentials as a therapeutic counselor.

The only relevant distinctions between *Wende C.* and this case are that the complaint herein contains an expressly denominated cause of action for breach of fiduciary duty and that *Wende C.* was determined in the context of summary judgment rather than a motion to dismiss. The cases are otherwise identical, in particular to the extent that both involve a claim or cause of action for breach of fiduciary duty based on sexual relations between a parishioner and her pastor during pastoral counseling, and neither pastor possessed any license or credentials as a therapeutic counselor.

Under these circumstances, the doctrine of stare decisis requires that we follow our own precedent and affirm the order granting defendants' motions to dismiss the complaint (*see Dufel v Green*, 198 AD2d 640 [1993], *affd* 84 NY2d 795 [1995]; *see generally People v Taylor*, 9 NY3d 129, 148-149 [2007]; *People v Damiano*, 87 NY2d 477, 488-489 [1996, Simons, J., concurring]). Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.