# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**721**

**CA 12-02345**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

VINCENT GRASSO AND MICHELLE GRASSO, INDIVIDUALLY
AND AS PARENTS AND NATURAL GUARDIANS OF KATLYN
GRASSO, PLAINTIFFS-APPELLANTS,

                V                          MEMORANDUM AND ORDER

DAVID FINN, DEFENDANT-RESPONDENT.

---

WAYNE C. FELLE, P.C., WILLIAMSVILLE (WAYNE C. FELLE OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (LAUREN M. YANNUZZI OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

     Appeal from an order of the Supreme Court, Erie County (Diane Y.
Devlin, J.), entered April 24, 2012. The order, inter alia, granted
the motion of defendant for summary judgment and dismissed the
complaint.

     It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

     Memorandum: Plaintiffs commenced this action to recover damages
for injuries allegedly sustained by plaintiff Vincent Grasso (Vincent)
and plaintiffs' infant daughter in a motor vehicle accident.
Plaintiffs appeal from an order that, inter alia, granted defendant's
motion for summary judgment dismissing the complaint on the ground
that neither Vincent nor plaintiffs' daughter sustained a serious
injury within the meaning of the four categories of Insurance Law §
5102 (d) set forth in plaintiffs' bill of particulars. We affirm.
Specifically, with respect to the permanent loss of use category of
serious injury, defendant established that neither Vincent nor
plaintiffs' daughter sustained a "total loss of use" of a body organ,
member, function or system (*Oberly v Bangs Ambulance*, 96 NY2d 295,
297). With respect to the permanent consequential limitation of use
and significant limitation of use categories of serious injury,
defendant established that some of the injuries sustained by Vincent
and plaintiffs' daughter had resolved (*see generally Gaddy v Eyler*, 79
NY2d 955, 957-958), and that the remainder were merely mild, minor or
slight (*see generally Dufel v Green*, 84 NY2d 795, 798). Finally, with
respect to the 90/180-day category, defendant established that neither
Vincent nor plaintiffs' daughter was prevented "from performing
substantially all of the material acts which constitute [his or her]
usual and customary daily activities" for at least 90 out of the 180

days immediately following the accident (§ 5102 [d]; *see generally Perl v Maher*, 18 NY3d 208, 220).  In response, plaintiffs failed to raise a triable issue of fact with respect to any of those categories of serious injury (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

In light of our determination, we do not address plaintiffs' remaining contentions.

Entered:  July 5, 2013

Frances E. Cafarell
Clerk of the Court