14-2251-cv
*Peralta v. Quintero*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of October, two thousand sixteen.

PRESENT:    DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges*,
            BRIAN M. COGAN,
                    *District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALVIN PERALTA,
                    *Plaintiff-Appellee*,

            v.                                          14-2251-cv

LUIS E. QUINTERO, DANIEL J. GONSALVES,
                    *Defendants-Appellants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

*       Judge Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLEE:               MICHAEL H. ZHU, Brian J. Isaac, Pollack,
                                      Pollack, Isaac & De Cicco, LLP, New York,
                                      New York.

FOR DEFENDANTS-APPELLANTS:            JOHN M. DOWNING, JR., Downing & Peck,
                                      P.C., New York, New York.

Appeal from the United States District Court for the Southern District of

New York (Maas, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-appellants Luis E. Quintero and Daniel J. Gonsalves

("defendants") appeal from a judgment of the district court in favor of plaintiff-appellee

Alvin Peralta entered December 28, 2015.[1]  By memorandum decision and order entered

May 20, 2014, following a four-day bench trial, the district court found defendants liable

for injuries sustained in a car accident and awarded Peralta $410,000 in damages.  By

amended memorandum decision and order entered January 26, 2015, the district court

adhered to its prior decision.  The damage award was later reduced based on post-trial

submissions to $392,548.66 and final judgment in that amount was entered December

28, 2015.  We assume the parties' familiarity with the underlying facts, procedural

history, and issues on appeal.[2]

---

[1]     The parties consented to jurisdiction over all proceedings before United States
Magistrate Judge Frank Maas.  *See* 28 U.S.C. § 636(c).

[2]     Defendants filed a notice of appeal on June 12, 2014, after the district court issued
its first memorandum decision and order.  Defendants did not file an amended or second notice

- 2 -

On appeal, defendants argue that the district court erred in finding them liable for the car accident and a "serious injury" within the meaning of the New York No-Fault Insurance Law, N.Y. Ins. Law § 5101 *et seq.* Following a bench trial, we review a district court's findings of fact for clear error and conclusions of law *de novo*. *Diesel Props S.R.L. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 51-52 (2d Cir. 2011). "Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." Fed. R. Civ. P. 52(a)(6). With these principles in mind, we see no basis for disturbing the district court's decision.

First, with respect to liability, the district court found that defendants failed to yield at a stop sign and crashed into the car driven by Peralta, who had the right of way. These findings were supported by the testimony of the police officer who responded to the scene and reported damage to Peralta's vehicle consistent with Peralta's version of events. The district court's decision not to credit defendants' version of the incident -- that no collision in fact occurred -- was not clear error. *See Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012) ("It is within the province of the district court as the trier of fact to decide whose testimony should be credited . . . . We are not

of appeal after the district court issued its amended memorandum decision and order on January 26, 2015, or after it entered final judgment on December 28, 2015. Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(i), the notice of appeal became effective upon the entry of final judgment. Fed. R. App. P. 4(a)(4)(B)(i).

allowed to second-guess the bench-trial court's credibility assessments." (citations omitted)).

Second, the district court's assessment of the extent of Peralta's injuries was also supported by the evidence. Under New York's No-Fault Insurance Law, a plaintiff must demonstrate that he has suffered a "serious injury" to recover for non-economic losses. N.Y. Ins. Law § 5104(a). The definition of "serious injury" includes a "permanent consequential limitation of use of a body organ or member." N.Y. Ins. Law § 5102(d). A plaintiff can prove his physical limitation through "[a]n expert's qualitative assessment of a plaintiff's condition . . . provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system." *Toure v. Avis Rent A Car Sys., Inc.*, 98 N.Y.2d 345, 350-51 (2002) (emphasis omitted) (citing *Dufel v. Green*, 84 N.Y.2d 795, 798 (1995)).

The district court's conclusion that Peralta suffered from permanent loss of range of motion in his spine as a result of the car collision was supported by the record. Specifically, Peralta's expert, Dr. Rafiy, testified that Peralta's MRI taken on April 22, 2010, shortly after the accident, revealed foraminal stenosis at the L4-L5 vertebrae. Dr. Rafiy opined that the spinal damage was the cause of Peralta's pain, and that the injury was permanent and causally related to the car accident. The district court adopted Dr. Rafiy's findings and agreed with the conclusion that the accident

caused Peralta's injury. To the extent defendants presented contrary medical expert testimony, the district court rejected it. Because the district court's account of the evidence is "plausible in light of the record viewed in its entirety," it is not clearly erroneous. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985).

We have considered all of defendants' additional arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk