(November 16, 1987)

■ WILLIAM ALOTTA, Appellant, v CITY HOSPITAL CENTER AT ELMHURST, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated May 18, 1987, which denied his motion pursuant to CPLR 3212 for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff, while in a schizophrenic frenzy as an emergency patient in the psychiatric ward of the defendant hospital, smashed his fist through the observation window of a seclusion room designed to house extremely violent patients. He then slit his wrist with a large piece of glass from the broken window, causing severe injuries.

The hospital records reveal that at about 5:00 A.M. on January 28, 1981, a doctor's order was issued, directing, "Seclusion room stat and ankle and wrist restrain [sic]".

Another portion of the record reads, "Seclusion room stat with ankle and wrist restraints ordered". The plaintiff was in the seclusion room, unsupervised, for only three minutes before he slashed his wrist. Testimony at a deposition indicates that the observation window was supposed to be made of the type of glass that shatters into small, harmless pieces. As to the meaning of the doctor's order, certain doctors testified at their examinations before trial that the order meant that the patient was to have his ankles and wrists tied to a bedpost, "stat", which means immediately, and then wheeled into the seclusion room, or that the patient was to be "placed in seclusion right away and ankle and wrist restraints applied".

Even where the facts are not in dispute and there is no serious allegation of a plaintiff's culpable conduct, summary judgment will not be granted in a negligence action unless it can be shown, as a matter of law, that the defendant's conduct fell far below any permissible standard of due care *(see, Andre v Pomeroy,* 35 NY2d 361), for, unless the latter is shown, "the very question of negligence is itself a question for [the] jury" *(Ugarriza v Schmieder,* 46 NY2d 471, 474). Focusing on issue finding, not issue determination, and according favorable inferences to the party opposing the motion *(see, Robinson v Strong Mem. Hosp.,* 98 AD2d 976), it is clear that the plaintiff has failed to make a showing of entitlement to summary judgment *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320). Mangano, J. P., Thompson, Lawrence and Kunzeman, JJ., concur.