■ KENNETH P. ZGRAGGEN et al., Respondents, v DENISE WILSEY, Appellant. [606 NYS2d 444] —Cardona, P. J. Appeal from an order of the Supreme Court (Travers, J.), entered October 22, 1992 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

On July 30, 1989 defendant was at plaintiff's home for a party. At some point during the day, plaintiff Kenneth P. Zgraggen (hereinafter plaintiff) participated with others in throwing defendant into the pool. Later, defendant pushed plaintiff into the pool and as a result he sustained personal injuries. Thereafter, this action was commenced alleging negligence. After discovery, defendant moved for summary judgment dismissing the complaint alleging that plaintiff's cause of action sounded in intentional tort (battery) and therefore was subject to the applicable one-year Statute of Limitations (CPLR 215). Supreme Court held that the complaint set forth

a cause of action in negligence subject to the three-year Statute of Limitations (CPLR 214).

We affirm. The elements of a cause of action for battery are bodily contact, made with intent, and offensive in nature *(see, Laurie Marie M. v Jeffrey T. M.,* 159 AD2d 52, 55, *affd* 77 NY2d 981). In the instant case, there is no question that there was bodily contact and that defendant intended to make the contact. The only issue is whether the contact was "offensive" in nature. An action for battery may be sustained without a showing that the actor intended to cause injury as a result of the intended contact, but it is necessary to show that the intended contact was itself "offensive", i.e., wrongful under all the circumstances. Lack of consent on the part of plaintiff is an element to consider in determining whether the contact was offensive, but it is not, contrary to defendant's argument, conclusive. Upon this record, it cannot be held as a matter of law that the contact herein was offensive. Therefore, plaintiffs shall be given the opportunity to proceed with their action on the theory that defendant negligently caused injury to plaintiffs.

Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.