■ Travis D. Goff, Respondent, v Craig Clarke, Appellant. [755 NYS2d 493] —Kane, J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered January 22, 2002 in Madison County, which, inter alia, partially granted plaintiff's motion for partial summary judgment.

On December 10, 1997, plaintiff, then a senior at Stockbridge Valley Central School in Madison County, and a member of its varsity basketball team, was injured when he was involved in a physical altercation with defendant who, at the time of the incident, was a teacher at the school and plaintiff's coach. Both plaintiff and defendant relate markedly different accounts of the incident. Plaintiff alleges, inter alia, that while waiting in the high school gymnasium for practice to begin, he asked defendant to demonstrate a wrestling move "without actually doing it." According to plaintiff, defendant grabbed his arm and, despite twice asking defendant to release him, defendant continued, twisting plaintiff's arm with even greater pressure until his wrist made a popping noise. The parties struggled briefly before separating. Plaintiff claims that moments later, defendant grabbed him by the knees attempting to throw him, but plaintiff overpowered defendant and fell on top of him.

Conversely, defendant claims that the incident was jovial in nature, stemming from what he characterized as plaintiff's "playful[ly] antagonistic" challenge of defendant which progressed to wrestling. Defendant then alleges that plaintiff ended up on top of him and gave defendant a "wedgie." Both parties agree at that point that defendant conceded that plaintiff won, and plaintiff got up and then assisted defendant from the floor. Thereafter, defendant "high-fived" plaintiff.

This action ensued, charging defendant with negligence and the intentional torts of assault and battery, and seeking damages for plaintiff's injuries, including a fracture of the right wrist. Following joinder of issue, defendant unsuccessfully moved to dismiss the complaint on the ground that, inter alia, it was time-barred. Thereafter, plaintiff moved for summary judgment on the issue of liability. Supreme Court granted the motion with respect to the causes of action stemming from the intentional tort claims, but dismissed plaintiff's claim sounding in negligence. Defendant appeals.

We agree with defendant that Supreme Court erred in granting summary judgment to plaintiff. A plaintiff, to recover damages for battery, must prove that there was bodily contact, that the contact was offensive, that is, "wrongful under all the circumstances" (*Zgraggen v Wilsey*, 200 AD2d 818, 819), and that defendant intended to make the contact (*see Messina v Matarasso*, 284 AD2d 32, 35; *Zgraggen v Wilsey, supra*). Lack of consent is considered in determining whether the contact was offensive, but it is not conclusive (*see Zgraggen v Wilsey, supra* at 819).

In addition to his deposition testimony, plaintiff proffered

the affidavits of two former classmates, both of whom averred that they witnessed the incident between plaintiff and defendant, they saw defendant twisting plaintiff's arm and they heard plaintiff, more than once, tell defendant to stop, but that defendant failed to comply with plaintiff's request. The fact that plaintiff may have been a willing participant at the outset of the activity is, as correctly observed by Supreme Court, irrelevant as to whether defendant's conduct is ultimately tantamount to battery. Upon this record, we thus conclude that plaintiff has tendered sufficient evidence to sustain his initial burden of proof that there was intended contact and that the intended contact was offensive. The burden then shifted to defendant to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Way v Grantling*, 289 AD2d 790, 793; *see Zuckerman v City of New York*, 49 NY2d 557, 562).

At his deposition, defendant was asked if, "[a]t any time during the physical interaction that [he] had with [plaintiff] * * * [did] [he] recall [plaintiff] ask [him] to stop?" Defendant answered "[n]o." Defendant further testified that he did not remember plaintiff telling him that he was hurting plaintiff nor did he recall plaintiff saying, "[Y]ou're twisting my arm, it hurts." Viewing the evidence "in a light most favorable to the nonmoving party, affording that party the benefit of all reasonable inferences" (*Greco v Boyce*, 262 AD2d 734, 734; *see Jones v Egan*, 252 AD2d 909, 910), we find these statements, by themselves, sufficient to raise a triable issue of fact as to whether the intended contact between plaintiff and defendant was offensive. Rather than characterizing defendant's answers as ambivalent, as did Supreme Court, we find that they constitute a denial to plaintiff's allegations that the contact was offensive. The fact that both parties concede that the incident ended on friendly terms provides additional support for treating these answers as a denial that plaintiff made these statements to defendant. Moreover, the parties' conflicting testimony presents credibility issues which cannot be resolved on a motion for summary judgment (*see Boyce v Vazquez*, 249 AD2d 724, 726).

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as partially granted plaintiff's motion; motion denied in its entirety; and, as so modified, affirmed.