■ JASON B. KRAMER, Respondent, v JEFFREY ARBORE, Respondent, and BROADWAY RINKS LIMITED PARTNERSHIP, Also Known as HOLIDAY TWIN RINKS, et al., Appellants. [765 NYS2d 118] —Appeal from an order of Supreme Court, Erie County (Glownia, J.), entered July 25, 2002, which, inter alia, denied the motion of defendants Broadway Rinks Limited Partnership, also known as Holiday Twin Rinks, and Glenn Grundtisch for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when defendant Jeffrey Arbore

struck him across the face with a hockey stick during a recreational senior league hockey game in which the two men were on opposing teams. In addition to Arbore, plaintiff sued Broadway Rinks Limited Partnership, also known as Holiday Twin Rinks, and Glenn Grundtisch (defendants), the owners of the ice rink. Supreme Court properly denied the motion of defendants for summary judgment dismissing the complaint against them. Contrary to defendants' contention, plaintiff did not assume the risk of Arbore's conduct. The deposition testimony of plaintiff and Arbore establishes that Arbore, in an apparent attempt to retaliate after being cross-checked, intentionally swung his stick at plaintiff. Although Arbore testified that he did not intend to strike plaintiff's face, he further testified that he did intend to strike plaintiff's body. "A participant in a sport assumes all commonly appreciated risks inherent in that sport but does not assume the risks of reckless or intentional conduct" (*Keicher v Town of Hamburg,* 291 AD2d 920, 920 [2002]). The testimony of plaintiff and Arbore "raises an issue of fact whether [Arbore's] conduct constituted a 'flagrant infraction[ ] unrelated to the normal method of playing the game and done without any competitive purpose'" (*id.* at 920-921, quoting *Turcotte v Fell,* 68 NY2d 432, 441 [1986]).

Defendants further contend that, even if plaintiff did not assume the risk of Arbore's conduct, they should not be held liable for Arbore's conduct. We disagree. Plaintiff alleges that defendants breached their duty to plaintiff to conduct the hockey game in a safe manner and to provide reasonable supervision (*see generally Greenberg v North Shore Cent. School Dist.,* 209 AD2d 669 [1994]; *Cassese v Ramapo Ice Rinks,* 208 AD2d 488, 488-489 [1994]). "The risk reasonably to be perceived defines the duty to be obeyed" (*Palsgraf v Long Is. R.R. Co.,* 248 NY 339, 344 [1928]) and, on this record, we conclude that there is a triable issue of fact whether Arbore's conduct could have been reasonably anticipated or prevented (*cf. Zambrana v City of New York,* 262 AD2d 87 [1999], *affd* 94 NY2d 887 [2000]; *Engstrom v City of New York,* 270 AD2d 35, 36 [2000]; *Shamelashvili v City of New York,* 262 AD2d 631 [1999]). The league was a "no check" league, and both plaintiff and Arbore testified that the hockey game was "rougher than normal." They also described the refereeing as "poor" and "terrible" (*cf. Thomas v United States Soccer Fedn.,* 236 AD2d 600, 602 [1997]). If the referees were not penalizing players for repeatedly violating the rules by checking other players, then it may have been foreseeable that the illegal conduct would continue and, indeed, escalate, as occurred here. Present—Pine, J.P., Hurlbutt, Scudder and Hayes, JJ.