■ WILLIAM TILLMAN, Appellant, v MICHAEL NORDON, Respondent. [771 NYS2d 670]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated March 26, 2003, as denied those branches of his motion which were for partial summary judgment on the issue of liability on his first and second causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the plaintiff's motion which was for partial summary judgment on his negligence cause of action as he failed to establish as a mat-

ter of law that the defendant's conduct "fell far below any permissible standard of due care" (*Andre v Pomeroy*, 35 NY2d 361, 365 [1974]; *see Alotta v City Hosp. Ctr. at Elmhurst*, 134 AD2d 391 [1987]).

In addition, the Supreme Court properly denied that branch of the plaintiff's motion which was for partial summary judgment on his cause of action to recover damages for battery. "The elements of a cause of action [to recover damages] for battery are bodily contact, made with intent, and offensive in nature" (*Zgraggen v Wilsey*, 200 AD2d 818, 819 [1994]; *see Laurie Marie M. v Jeffrey T.M.*, 159 AD2d 52, 55 [1990], *affd* 77 NY2d 981 [1991]; *Masters v Becker*, 22 AD2d 118 [1964]). The plaintiff failed to establish, as a matter of law, that the bodily contact was offensive, that is, "wrongful under all the circumstances" (*Zgraggen v Wilsey, supra* at 819; *see Goff v Clarke*, 302 AD2d 725 [2003]).

As the evidence submitted by the plaintiff failed to establish the absence of a triable issue of fact, summary judgment was properly denied without considering the sufficiency of the defendant's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Altman, J.P., Krausman, Adams and Townes, JJ., concur.