■ FRED SERRELL, JR., et al., Respondents, v CONNETQUOT CENTRAL SCHOOL DISTRICT OF ISLIP, Appellant, et al., Defendants. [798 NYS2d 493]—

In an action to recover damages for personal injuries, etc., the defendant Connetquot Central School District of Islip appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated August 25, 2004, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The Supreme Court erred in denying the motion of the defendant Connetquot Central School District of Islip (hereinafter the School District) for summary judgment dismissing the complaint insofar as asserted against it. The injured plaintiff, an experienced high school football player, voluntarily assumed the risk of injury by participating in the varsity football practice in which he was injured (*see Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *Benitez v New York City Bd. of Educ.*, 73 NY2d 650 [1989]; *Hagon v Northport-East Northport Union Free School Dist. No. 4*, 273 AD2d 441, 441-442 [2000]). The School District made a prima facie case for summary judgment. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the injured plaintiff was subjected to a concealed or unreasonably increased risk, or whether the School District

failed to exercise ordinary reasonable care to protect the injured plaintiff from unassumed, concealed, or unreasonably increased risks (*see Morgan v State of New York, supra* at 485; *Benitez v New York City Bd. of Educ., supra* at 658). The vague and conclusory opinion of the plaintiffs' expert, that the "school did not have proper guidelines in place concerning a student athlete's return to play after a head injury," was insufficient to raise a triable issue of fact in opposition to the School District's motion for summary judgment (*see Matott v Ward*, 48 NY2d 455, 459 [1979]; *Petropoulos v New York City Tr. Auth.*, 11 AD3d 522, 522-523 [2004]; *Cantanzano v Mei*, 11 AD3d 500 [2004]; *Slone v Salzer*, 7 AD3d 609, 610 [2004]). Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur.