618

■ MICHAEL FILIPPAZZO, Respondent, v ROBERT KORMOSKI, Appellant. [905 NYS2d 276]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated July 29, 2009, as denied that branch of his motion which was for summary judgment dismissing the complaint, and (2) so much of an order of the same court entered August 14, 2009, as granted that branch of the plaintiff's separate motion which was to quash a subpoena compelling a nonparty witness to appear for a deposition and denied that branch of his cross motion which was to compel the deposition of the nonparty witness.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, made on the ground that the action is barred by the doctrine of primary assumption of risk. Under the doctrine of primary assumption of risk, a voluntary participant in a sporting event assumes the known risks commonly associated with that sport (see Morgan v State of New York, 90 NY2d 471, 484 [1997]). A participant does not, however, assume the risk of reckless or intentional conduct (id. at 485; see Turcotte v Fell, 68 NY2d 432, 439 [1986]). Here, even assuming that the defendant's evidentiary submissions were sufficient to make a prima facie showing that the plaintiff assumed the risk of his injury, the plaintiff raised a triable issue of fact as to whether the defendant engaged in reckless or intentional conduct which unreasonably increased the risk of injury to him. According to the affidavit of a nonparty witness, the defendant allegedly charged into the plaintiff and several other players during a roller hockey game, knocking them to the ground, and then began punching the plaintiff. The account of the incident given by the nonparty witness, together with the plaintiff's deposition testimony, raises a triable issue of fact as to whether the defendant engaged in conduct which constituted

a "flagrant infraction[ ]" of the rules of the nonfighting roller hockey league, in which the parties were participating, and was "unrelated to the normal method of playing the game and done without any competitive purpose" (*Turcotte v Fell*, 68 NY2d at 441; *see Kramer v Arbore*, 309 AD2d 1208 [2003]; *Keicher v Town of Hamburg*, 291 AD2d 920 [2002]).

The Supreme Court also properly concluded that the defendant failed to make a showing of unusual or unanticipated circumstances (*see* 22 NYCRR 202.21 [d]) sufficient to compel the post-note of issue deposition of the nonparty witness (*see Tirado v Miller*, 75 AD3d 153 [2d Dept 2010]; *Singh v City of New York*, 68 AD3d 1096 [2009]; *Audiovox Corp. v Benyamini*, 265 AD2d 135, 140 [2000]). Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.