(February 17, 2011)

■ PETER L. VENETIS, Respondent, v DAVID STONE et al., Appellants. [916 NYS2d 586]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered March 10, 2010, which denied so much of defendants' dismissal motion as was directed to the first, third, fourth and fifth causes of action, unanimously affirmed, with costs.

The court dismissed the cause of action for declaratory judgment, but left standing the causes for breach of contract, unjust enrichment, quantum meruit and promissory estoppel. Accepting the allegations of the complaint as true and giving plaintiff the benefit of every possible favorable inference (see e.g. AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005]), one cannot conclude that he was engaged solely in effecting transactions in securities (see 15 USC § 78c [a] [4] [A]) or buying and selling securities (§ 78c [a] [5] [A]; see also § 78c [a] [10]; § 78o [a] [1]).

The agreement alleged by plaintiff is sufficiently definite to be enforced (see Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475 [1989], cert denied 498 US 816 [1990]). In fact, because he alleges far more than simply negotiating business opportunities, his claims are not barred by General Obligations Law § 5-701 (a) (10) (see Super v Abdelazim, 108 AD2d 1040, 1041-1042 [1985]). Because the statute of frauds does not bar the breach of contract claims, plaintiff's promissory estoppel claim also survives, despite plaintiff's failure to plead unconscionable injury (see Foster v Kovner, 44 AD3d 23, 29-30 [2007]).

Since plaintiff does not seek an assignment of LLC interests, defendants' argument that such an assignment must be in writing is irrelevant. Concur—Sweeny, J.P., Catterson, Moskowitz, Renwick and Richter, JJ.