*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016                    519798
                                                       520749
_____

ALYSIA SILIPO,

                    Respondent,

          v                                   MEMORANDUM AND ORDER

BRIAN WILEY et al.,

                    Appellants.
_____

Calendar Date:  February 19, 2016

Before:  Peters, P.J., Garry, Rose, Lynch and Clark, JJ.

                    _____


          John T. Casey Jr., Troy, for appellants.

          Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Robert
A. Rausch of counsel), for respondent.

                    _____


Clark, J.

          Appeals (1) from an order of the Supreme Court (Gilpatric,
J.), entered August 12, 2014 in Ulster County, which denied
defendants' motion for summary judgment dismissing the complaint,
and (2) from a judgment of said court, entered December 10, 2014
in Ulster County, upon a verdict rendered in favor of plaintiff.

          Plaintiff was hired by defendant Wiley Electronics, LLC
(hereinafter the business) as a part-time clerk and was
thereafter promoted to vice-president.  In 2011, the owner of the
business, defendant Brian Wiley, informed plaintiff of a possible
sale of the business's assets and requested plaintiff's
assistance in closing the sale.  According to plaintiff, Wiley
promised to pay her compensation over and above her salary if she
assisted with the sale — a task that went beyond the scope of her

ordinary job duties – and she put substantial time and effort into the closing of the sale in reliance upon that promise. The business's assets ultimately sold for $13.1 million. Shortly after the closing, plaintiff and Wiley traveled to Texas for business and, during the course of their trip, Wiley purportedly stated, upon plaintiff's inquiry, that plaintiff would be compensated for her assistance with the sale "when [she] divorce[d] [her] husband." Plaintiff also alleged that Wiley kissed her and, despite her protests, grabbed her waist and attempted to engage her in sexual relations. Wiley never awarded plaintiff the alleged bonus and, following plaintiff's extended leave from work, he terminated plaintiff's employment.

Plaintiff[1] commenced this action against defendants, asserting causes of action for, as relevant here, unjust enrichment and battery. Defendants joined issue and, following discovery, moved for summary judgment dismissing the complaint. Supreme Court denied defendants' motion in its entirety, and defendants appealed. While defendants' appeal was pending, the matter proceeded to trial,[2] at the conclusion of which the jury found in favor of plaintiff on her claims for unjust enrichment and battery and awarded her $114,000 – to be apportioned equally between defendants – on her unjust enrichment claim and $64,000 on her battery claim against Wiley.[3] Supreme Court denied defendants' motion to set aside the verdict and subsequently

_____

[1] Although plaintiff's spouse initially asserted a derivative cause of action, he later withdrew that claim and the caption was amended accordingly.

[2] This Court denied defendants' motion to stay the trial pending appeal (2014 NY Slip Op 88580[U]).

[3] As for the remaining causes of action asserted in the complaint, plaintiff withdrew her claims of intentional infliction of emotion distress, quantum meruit, promissory estoppel and disability discrimination prior to or during trial, and the jury found in favor of defendants on her sexual harassment, retaliation and assault claims.

entered judgment in favor of plaintiff.  Defendants appealed, and
these appeals ensued.

Initially, we note that defendants' right to take a direct
appeal from the order denying their motion for summary judgment
terminated upon entry of the final judgment and, therefore,
defendants' appeal from that order must be dismissed (see Matter
of Aho, 39 NY2d 241, 248 [1976]).  Nevertheless, the issues
raised on the appeal from the order denying defendants summary
judgment are brought up for review on the appeal from the final
judgment (see CPLR 5501 [a] [1]; State of New York v 158th St. &
Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1295 n 2 [2012], lv
denied 20 NY3d 858 [2013]).[4]

We first address defendants' contention that Supreme Court
should have dismissed plaintiff's unjust enrichment claim as
barred by the statute of frauds.  Pursuant to General Obligations
Law § 5-701 (a) (10), "a contract to pay compensation for
services rendered in . . . negotiating the purchase [or] sale
. . . of a business opportunity, business, its good will,
inventory, fixtures or an interest therein" is void "unless it or
some note or memorandum thereof be in writing, and subscribed by
the party to be charged therewith, or by his [or her] lawful
agent."  The statute is intended to protect against "false or
exaggerated claims" (Freedman v Chemical Constr. Corp., 43 NY2d
260, 267 [1977]; see JF Capital Advisors, LLC v Lightstone Group,
LLC, 25 NY3d 759, 764-765 [2015]) and "applies to various kinds
of intermediaries who perform limited services in the
consummation of certain kinds of commercial transactions"
(Freedman v Chemical Constr. Corp., 43 NY2d at 266; see Ostrove v
Michaels, 289 AD2d 211, 213 [2001]).  Here, defendants'

_____

    [4]  Although defendants raised arguments in their appeal from
the denial of their summary judgment motion that relate to those
of plaintiff's claims that were withdrawn or rejected by the
jury, we need only address defendants' arguments relating to the
claims on which plaintiff prevailed (see Wilson v Hallen Constr.
Corp., 40 AD3d 986, 988 [2007]; Miranda v Schmidt & Sons, 200
AD2d 378, 379 [1994]).

submissions on their motion and the proof presented at trial established that plaintiff was defendants' employee prior to and through her participation in the sale of the business, with a scope of responsibilities reaching beyond her role in that transaction, and that she was seeking to recover a "bonus" that Wiley allegedly promised her for assuming greater employment responsibilities. Under these circumstances, Supreme Court properly determined that plaintiff's unjust enrichment claim was not barred by General Obligations Law § 5-701 (a) (10) (see Venetis v Stone, 81 AD3d 503, 503 [2011]; Kuo v Wall St. Mtge. Bankers, Ltd., 65 AD3d 1089, 1089-1090 [2009]; Murphy v CNY Fire Emergency Servs., 225 AD2d 1034, 1035 [1996]; Super v Abdelazim, 108 AD2d 1040, 1041-1042 [1985]).

Defendants also assert that plaintiff's unjust enrichment claim should have been dismissed as a matter of law at the summary judgment stage or upon their motion to set aside the verdict. To prevail on a claim for unjust enrichment, a plaintiff must establish that the defendant was enriched at his or her expense and that "it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421 [1972], cert denied 414 US 829 [1973]; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]). "[T]he mere fact that the plaintiff's activities bestowed a benefit on the defendant is insufficient to establish a cause of action for unjust enrichment" and courts will generally "'look to see if a benefit has been conferred on the defendant under mistake of fact or law, if the benefit still remains with the defendant, if there has been otherwise a change of position by the defendant, and whether the defendant's conduct was tortious or fraudulent'" (Clark v Daby, 300 AD2d 732, 732 [2002], lv denied 100 NY2d 503 [2003], quoting Paramount Film Distrib. Corp. v State of New York, 30 NY2d at 421).

Here, although plaintiff ultimately bore the burden of proof at trial, defendants, as the proponents of the motion, had the initial burden of establishing their "entitlement to judgment as a matter of law [by] tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v

New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; see Jacobsen v
New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]).
To that end, defendants proffered, among other things, portions
of plaintiff's and Wiley's deposition testimony and
correspondence between Wiley and his attorney in which Wiley
discussed giving plaintiff an interest-free loan.  Plaintiff
testified at her deposition that Wiley promised her that she
would be "well compensated" for her work related to the sale of
the business and that, although Wiley initially referred to their
arrangement as a "retention loan," he thereafter referred to it
solely as a bonus.  Plaintiff stated that she believed that Wiley
had abandoned his offer of an interest-free loan.  In contrast,
Wiley maintained that he had only offered plaintiff an interest-
free loan.  Given that the evidence defendants produced on the
motion revealed a factual dispute as to whether Wiley promised,
and plaintiff expected, compensation above and beyond her salary
for her role in the sale, defendants failed to demonstrate their
entitlement to summary dismissal of plaintiff's unjust enrichment
claim and their motion was properly denied in that regard (see
Weeks v St. Peter's Hosp., 128 AD3d 1159, 1161 [2015]).

     We also reject defendants' challenge to that aspect of the
jury's verdict relating to plaintiff's unjust enrichment claim as
not supported by sufficient evidence or against the weight of the
evidence.  At trial, plaintiff testified that Wiley promised her
additional compensation for helping with the sale, that Wiley
proposed an interest-free "retention loan," but then ceased any
discussions with respect to such loan and instead promised to pay
her "a big bonus" if the sale closed, and that defendants
received substantial proceeds from the sale as a result of her
efforts.  Wiley's attorney testified that Wiley asked her to
prepare documents relating to an interest-free loan for
plaintiff, but that Wiley later told her to "forget" about the
loan.  Despite Wiley's testimony that he never offered plaintiff
a bonus, the foregoing evidence was sufficient to support the
jury's conclusion that defendants were unjustly enriched as a
result of plaintiff's activities and that principles of equity
and good conscience warranted an award in plaintiff's favor.
Furthermore, the evidence did not so preponderate in defendants'
favor that the jury could not have reached its verdict on any

fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Neissel v Rensselaer Polytechnic Inst., 54 AD3d 446, 450 [2008], lv denied 11 NY3d 716 [2009]).

We are also unpersuaded by defendants' contentions that Supreme Court should have dismissed plaintiff's battery claim at the summary judgment stage.  To recover for battery, a plaintiff "must prove that there was bodily contact, that the contact was offensive, that is, 'wrongful under all the circumstances,' and that [the] defendant intended to make the contact" (Goff v Clarke, 302 AD2d 725, 726 [2003], quoting Zgraggen v Wilsey, 200 AD2d 818, 819 [1994]; see Cicci v Chemung County, 122 AD3d 1181, 1183 [2014], lv dismissed and denied 25 NY3d 1062 [2015]).  The plaintiff is required to show that the defendant intended to make the contact, not that he or she "'intended to cause injury as a result of the intended contact'" (Messina v Alan Matarasso, M.D., F.A.C.S., P.C., 284 AD2d 32, 35 [2001], quoting Zgraggen v Wilsey, 200 AD2d at 819).  Defendants' submissions on their motion for summary judgment clearly established the existence of a factual dispute as to whether Wiley made offensive contact with plaintiff's person.  Accordingly, as defendants failed to make a prima facie showing of entitlement to summary judgment, Supreme Court properly denied defendants' motion for summary dismissal of plaintiff's battery claim (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

As for defendants' challenge to the sufficiency of the evidence supporting the jury's determination of liability and damages on plaintiff's battery claim, defendants failed to preserve their challenge for our review when they moved for judgment as a matter of law or to set aside the verdict (see Harden v Faulk, 111 AD3d 1380, 1380-1381 [2013], lv denied 23 NY3d 907 [2014]; Tomaszewski v Seewaldt, 11 AD3d 995, 995 [2004]; see also Miller v Miller, 68 NY2d 871, 873 [1986]).  Further, contrary to defendants' assertions, the award of $64,000 in compensatory damages on the battery claim did not deviate materially from what would be considered reasonable compensation under the circumstances (see CPLR 5501 [c]).  Plaintiff presented ample evidence, including testimony from her primary care

provider and treating psychologist, to establish that she experienced debilitating psychological symptoms for several months following her trip to Texas and that she developed posttraumatic stress disorder and adjustment disorder with anxiety, both of which were causally related to the offensive contact.

Defendants' remaining arguments, to the extent that they have not been addressed, are either unpreserved or lacking in merit.

Peters, P.J., Garry, Rose and Lynch, JJ., concur.

ORDERED that the appeal from the order entered August 12, 2014 is dismissed, with costs.

ORDERED that the judgment entered December 10, 2014 is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court