■ HALEY ALEXA DIMISA, an Infant, by Her Mother and Natural Guardian, SAMARA HOLTON, et al., Respondents, v OCEANSIDE UNION FREE SCHOOL DISTRICT et al., Defendants, and JAIME RIORDAN, an Infant, by Her Mother and Natural Guardian, CAROLYN RIORDAN, Sued Herein as CAROLINE RIORDAN, et al., Appellants. [32 NYS3d 617]—

In an action to recover damages for personal injuries, etc., the defendants Jaime Riordan, an infant by her mother and natural guardian Carolyn Riordan, and Carolyn Riordan, individually, sued herein as Caroline Riordan, appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered September 16, 2014, as denied those branches of their motion which were for summary judgment dismissing so much of the third and fifth causes of action insofar as asserted against them as sought to recover damages for battery.

Ordered that the order is affirmed insofar as appealed from, with costs.

According to the deposition testimony of the infant plaintiff, the infant defendant pushed her to the ground during a game of kickball. The infant plaintiff, by her mother and natural guardian, and her mother, individually, commenced this action against, among others, the infant defendant, by her mother and natural guardian, and the infant defendant's mother individually (hereinafter together the appellants).

The Supreme Court properly denied those branches of the appellants' motion which were for summary judgment dismiss-

ing so much of the third and fifth causes of action insofar as asserted against them as sought to recover damages for battery. "To recover damages for battery, a plaintiff must prove that there was bodily contact, made with intent, and offensive in nature" (*Thaw v North Shore Univ. Hosp.*, 129 AD3d 937, 938-939 [2015]). Contrary to the appellants' contention, they failed to eliminate triable issues of fact as to whether the bodily contact between the infant defendant and the infant plaintiff was intentional or offensive (*see Cerilli v Kezis*, 16 AD3d 363, 364 [2005]; *Tillman v Nordon*, 4 AD3d 467, 468 [2004]). The appellants also failed to establish, prima facie, that the complaint was barred by the doctrine of primary assumption of the risk. While a participant in a sporting activity consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation, the participant is not deemed to have assumed risks resulting from the reckless or intentional conduct of others (*see Custodi v Town of Amherst*, 20 NY3d 83, 88 [2012]; *Turcotte v Fell*, 68 NY2d 432, 439-440 [1986]; *Filippazzo v Kormoski*, 75 AD3d 618, 618-619 [2010]). Since the appellants failed to eliminate questions of fact regarding whether the infant defendant intentionally pushed the infant plaintiff to the ground, they failed to establish their prima facie entitlement to judgment as a matter of law based on the doctrine of primary assumption of the risk.

The appellants' remaining contentions are without merit. Chambers, J.P., Dickerson, Hinds-Radix and Connolly, JJ., concur.