# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1201**
**CA 16-00423**
PRESENT: CENTRA, J.P., CARNI, NEMOYER, AND CURRAN, JJ.

---

TRAVIS BUTCHELLO, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

MICHAEL J. HERBERGER, DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MICHAEL J. CHMIEL OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANCIS M. LETRO, BUFFALO (RONALD J. WRIGHT OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered December 22, 2015. The order denied the motion of defendant Michael J. Herberger for summary judgment dismissing the complaint against him.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed against defendant Michael J. Herberger.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained while playing in an intercollegiate junior varsity football game. In his complaint, plaintiff alleged, inter alia, negligent and/or reckless conduct on the part of the college that fielded the opposing team, that team's coach, and Michael J. Herberger (defendant), the opposition player who allegedly injured plaintiff. Defendant moved for summary judgment dismissing the complaint against him on the ground that plaintiff assumed the risk of his injury as a matter of law. Supreme Court denied the motion, and we now reverse.

"As a general rule, participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell*, 68 NY2d 432, 439, citing *Maddox v City of New York*, 66 NY2d 270, 277-278). Whether a plaintiff should be deemed to have made an informed estimate of the risks involved in an activity before deciding to participate depends upon the openness and obviousness of the risk, the plaintiff's background, skill and experience, the plaintiff's own conduct under the circumstances, and the nature of the defendant's conduct (*see Morgan v State of New York*, 90 NY2d 471, 485-486). To establish a plaintiff's assumption of the

risk, a defendant must show that the plaintiff was generally aware of the risk that befell him, but it is not necessary to demonstrate that the plaintiff foresaw the exact manner in which his injury occurred (*see Maddox*, 66 NY2d at 278; *Lamey v Foley*, 188 AD2d 157, 164).

We agree with defendant that plaintiff's action is barred by the doctrine of primary assumption of the risk and that the court thus erred in denying the motion. Defendant sustained his burden on the motion of demonstrating that plaintiff, an experienced football player, voluntarily assumed the risk of the injury by participating in the game (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657-659; *Serrell v Connetquot Cent. Sch. Dist. of Islip*, 19 AD3d 683, 683-684; *see also Hagon v Northport-East Northport Union Free Sch. Dist. No. 4*, 273 AD2d 441, 441). In opposition to the motion, plaintiff failed to raise a triable issue of fact concerning whether he was subjected to a concealed or unseasonably increased risk (*see Serrell*, 19 AD3d at 683-684; *Hagon*, 273 AD2d at 441-442), or one that was otherwise not inherent in the sport (*see Cole v New York Racing Assn.*, 24 AD2d 993, 994, *affd* 17 NY2d 761; *see generally Benitez*, 73 NY2d at 659). Moreover, plaintiff failed to raise a triable issue of fact on his claim that defendant's conduct was a "flagrant infraction[ of the rules of the sport] unrelated to the normal method of playing the game and . . . without any competitive purpose" (*Turcotte*, 68 NY2d at 441; *see Barton v Hapeman*, 251 AD2d 1052, 1052; *cf. Kramer v Arbore*, 309 AD2d 1208, 1209; *Keicher v Town of Hamburg*, 291 AD2d 920, 920-921).

Entered:  December 23, 2016                          Frances E. Cafarell
                                                     Clerk of the Court