Artibee v State of New York (2018 NY Slip Op 07227)





Artibee v State of New York


2018 NY Slip Op 07227


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

526318

[*1]CAROL ARTIBEE et al., Appellants,
v
STATE OF NEW YORK, Respondent.

Calendar Date: September 14, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Rumsey, JJ.


Towne, Ryan & Partners, PC, Albany (Robert H. Coughlin Jr. of counsel), for appellants.
Barbara D. Underwood, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the Court of Claims (Ferreira, J.), entered December 7, 2017, which, among other things, granted defendant's motion to amend its answer.
In 2011, claimant Carol Artibee was driving an automobile on a public road when she was struck and injured by a falling tree limb. The road was maintained by defendant, while the tree was located on adjacent property owned by Home Place Corporation. Artibee and her husband, derivatively, commenced an action in Supreme Court alleging negligence on the part of Home Place and the present claim alleging negligence on the part of defendant. Joint discovery was conducted, and the action against Home Place was tried first. In June 2017, a jury found Home Place liable and awarded claimants a tad over $1.1 million in damages. Home Place's insurance carrier paid the bulk of the ensuing judgment, then filed a claim against defendant seeking indemnification and/or contribution (see Artibee v Home Place Corp., 28 NY3d 739, 751 [2017]; Bay Ridge Air Rights v State of New York, 44 NY2d 49, 54 [1978]).
In light of these developments, defendant moved for leave to serve an amended answer that included the affirmative defense of collateral estoppel with regard to the question of damages, as well as for dismissal of the claim on the ground that claimants had already received the damages to which they were entitled. The Court of Claims granted leave to serve the amended answer, but declined to dismiss the claim, noting that a portion of the judgment against Home Place remained unsatisfied and could be recovered from defendant. Claimants now appeal.
Defendant advises us that, during the pendency of this appeal, the judgment against Home Place was satisfied. Defendant moved to renew its prior motion, arguing that dismissal had become appropriate. The Court of Claims agreed and, upon renewal, granted defendant's motion in its entirety and dismissed the claim. Claimants' right to appeal from the order at issue here terminated upon entry of the final judgment dismissing their claim and, thus, the present [*2]appeal must be dismissed (see Matter of Aho, 39 NY2d 241, 248 [1976]; Silipo v Wiley, 138 AD3d 1178, 1179 [2016]). Claimants may raise any issue relating to the amendment of the answer upon an appeal from the final judgment (see CPLR 5501 [a] [1]; Silipo v Wiley, 138 AD3d at 1179).
Egan Jr., J.P., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.