Hines v Westchester County (2022 NY Slip Op 04623)

Hines v Westchester County

2022 NY Slip Op 04623

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-11492
 (Index No. 66897/16)

[*1]Raynard Hines, appellant, 
v
Westchester County, et al., respondents.

Michael H. Joseph, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for battery, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated September 3, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability and granted the defendants' cross motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for battery, allegedly committed by a corrections officer during a pat-down search conducted while the plaintiff was an inmate in the Westchester County Penitentiary. After discovery, the plaintiff moved for summary judgment on the issue of liability, and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and granted the cross motion. The plaintiff appeals.
"To recover damages for battery, a plaintiff must prove that there was bodily contact, made with intent, and offensive in nature" (Thaw v North Shore Univ. Hosp., 129 AD3d 937, 938-939 [internal quotation marks omitted]; see Wende C. v United Methodist Church, N.Y. W. Area, 4 NY3d 293, 298; Dimisa v Oceanside Union Free Sch. Dist., 140 AD3d 692, 693). "The intent required for battery is intent to cause a bodily contact that a reasonable person would find offensive" (Jeffreys v Griffin, 1 NY3d 34, 43 n 2 [internal quotation marks omitted]; see Young v Sethi, 188 AD3d 1339, 1342). Bodily contact is offensive if it is "wrongful under all the circumstances" (Tillman v Nordan, 4 AD3d 467, 468 [internal quotation marks omitted]).
Here, on their cross motion, the defendants met their prima facie burden of demonstrating that no battery had been committed. The subject corrections officer testified at his deposition that when he made the allegedly offensive contact with the plaintiff's body, which the plaintiff estimated lasted three seconds, the corrections officer believed that he was making contact with an item of contraband, not a body part. In opposition, the plaintiff failed to raise a triable issue of fact, having offered in response to this prima facie showing only speculation that was inconsistent with prior statements the plaintiff had made about the incident.
Accordingly, the Supreme Court properly granted the defendants' cross motion for summary judgment dismissing the complaint and, for the same reason, properly denied the plaintiff's motion for summary judgment on the issue of liability.
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., IANNACCI, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court