Grace v Cayuga Youth Athletic Assn., Inc. (2022 NY Slip Op 06586)

Grace v Cayuga Youth Athletic Assn., Inc.

2022 NY Slip Op 06586

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

726 CA 21-01752

[*1]MATTHEW S. GRACE, PLAINTIFF-RESPONDENT,
v
CAYUGA YOUTH ATHLETIC ASSOCIATION, INC., DEFENDANT-APPELLANT. 

GOLDBERG SEGALLA LLP, BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered August 26, 2021. The order denied defendant's motion for summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was hit with a baseball bat at a youth baseball game. Plaintiff was struck in the face by a bat swung by a teammate, in an off-field area behind the dugout, near spectators, and outside the areas designated for practice swings, i.e., home plate on the field or the caged on-deck area. Defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that plaintiff assumed the risks associated with playing baseball. Supreme Court denied the motion, and we affirm.
The doctrine of assumption of the risk acts as a complete bar to recovery where a plaintiff is injured in the course of a sporting or recreational activity through a risk inherent in that activity (see Turcotte v Fell, 68 NY2d 432, 438-439 [1986]). "As a general rule, participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (id. at 439). Thus, "primary assumption of the risk applies when a consenting participant in a qualified activity 'is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks' " (Custodi v Town of Amherst, 20 NY3d 83, 88 [2012]). "Whether a plaintiff should be deemed to have made an informed estimate of the risks involved in an activity before deciding to participate depends upon the openness and obviousness of the risk, the plaintiff's background, skill and experience, the plaintiff's own conduct under the circumstances, and the nature of the defendant's conduct" (Butchello v Herberger, 145 AD3d 1586, 1587 [4th Dept 2016]; see Morgan v State of New York, 90 NY2d 471, 485-486 [1997]; Lamey v Foley, 188 AD2d 157, 164 [4th Dept 1993]). "It is not necessary to the application of assumption of [the] risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (Maddox v City of New York, 66 NY2d 270, 278 [1985]). "The doctrine of primary assumption of the risk, however, will not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased" (Ribaudo v La Salle Inst., 45 AD3d 556, 557 [2d Dept 2007], lv denied 10 NY3d 717 [2008]; see Morgan, 90 NY2d at 485). Moreover, inasmuch as "the assumption of risk to be implied from participation in a sport with awareness of the risk is generally a question of fact for a jury . . . , dismissal of a complaint as a matter of law is warranted [only] when on the evidentiary materials before the court no fact issue remains for decision by the trier of fact" (Maddox, 66 NY2d at 279; see McKenney v Dominick, 190 AD2d 1021, 1021 [4th Dept 1993]).
" '[T]he danger associated with people swinging bats on the sidelines while warming up for the game' is inherent in the game of baseball and, accordingly, a risk assumed, even by child participants" (Roberts v Boys & Girls Republic, Inc., 51 AD3d 246, 248 [1st Dept 2008], affd 10 NY3d 889 [2008]). Here, however, defendant's own submissions raise a triable issue of fact whether the injury-causing event was a known, apparent or reasonably foreseeable consequence of plaintiff's participation because the incident occurred off the fenced field of play behind a dugout, near spectators, outside the areas designated for practice swings, such as the caged on-deck area, and in a location where players had never previously been observed taking practice swings (cf. Roberts, 10 NY3d at 889; 51 AD3d at 248-249). Indeed, in contrast to Roberts, in which the evidence established as a matter of law that the plaintiff assumed the risk of being struck by a swinging bat in the area where the accident occurred, defendant's submissions here raise a triable issue of fact whether the teammate was "left to take practice swings precipitately in [a] place[] where such activity had no prior obvious presence" (Roberts, 51 AD3d at 249-250).
Defendant further contends that, regardless of assumption of risk, plaintiff's claim of negligent supervision must be rejected as a matter of law. We conclude, however, that defendant's own submissions raise "an issue of fact whether inadequate supervision was responsible for the accident or . . . [whether] better supervision could have prevented it" (Hochreiter v Diocese of Buffalo, 309 AD2d 1216, 1218 [4th Dept 2003] [internal quotation marks omitted]; see Sheehan v Hicksville Union Free School Dist., 229 AD2d 1026, 1026 [4th Dept 1996]).
We therefore conclude that the court properly denied the motion for summary judgment dismissing the complaint.
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court