M.C. v B.H. (2025 NY Slip Op 05060)

M.C. v B.H.

2025 NY Slip Op 05060

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-00172
 (Index No. 617528/17)

[*1]M. C., etc., et al., appellants, 
v
B. H., etc., respondent.

Dell & Dean, PLLC (Joseph G. Dell and Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for appellants.
Gathman & Bennett LLP, Huntington, NY (John C. Bennett of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for assault and battery, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated December 21, 2023. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging assault and battery.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging assault and battery are denied.
The plaintiff M. C. (hereinafter the infant plaintiff) allegedly was injured during a fight with the defendant, a fellow high school student. The infant plaintiff, by his mother and natural guardian, and his mother suing derivatively, commenced this action against the defendant, by his parents and natural guardians, asserting, inter alia, causes of action alleging negligence, assault, and battery. Thereafter, the defendant moved for summary judgment dismissing the complaint on the ground that the infant plaintiff willingly agreed to participate in the fight. In an order dated December 21, 2023, the Supreme Court granted the motion. The plaintiffs appeal from so much of the order as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging assault and battery.
"'To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact'" (Fugazy v Corbetta, 34 AD3d 728, 729, quoting Cotter v Summit Sec. Servs, Inc., 14 AD3d 475, 475). "'To recover damages for battery, a plaintiff must prove that there was bodily contact, made with intent, and offensive in nature'" (Hines v Westchester County, 207 AD3d 621, 622, quoting Thaw v North Shore Univ. Hosp., 129 AD3d 937, 938-939; see Wende C. v United Methodist Church, N.Y. W. Area, 4 NY3d 293, 298; Dimisa v Oceanside Union Free Sch. Dist., 140 AD3d 692, 693). "'The intent required for battery is intent to cause a bodily contact that a reasonable person would find offensive'" (Hines v Westchester County, 207 AD3d at 622, quoting Jeffreys v Griffin, 1 NY3d 34, 43 n 2). "Bodily contact is offensive if it is 'wrongful under all the circumstances'" (id., quoting Tillman v Nordon, 4 AD3d 467, 468).
Here, while the defendant established his prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging assault and battery based on the theory that the infant plaintiff consented to the fight and, therefore, the injuries that naturally resulted therefrom, the plaintiffs, in opposition, raised a triable issue of fact as to whether the infant plaintiff consented to the fight or was bullied into fighting. The infant plaintiff stated in an affidavit that he was coerced into fighting after being repeatedly bullied, that he did not consent to the fight, and that he did not believe that he had a choice to decline. Furthermore, the plaintiffs raised triable issues of fact as to the manner in which the fight ensued, including whether the defendant intentionally pushed the infant plaintiff to the ground. The plaintiffs' submissions in opposition were sufficient to raise triable issues of fact as to whether the defendant engaged in physical conduct placing the infant plaintiff in imminent apprehension of harmful contact (see Fugazy v Corbetta, 34 AD3d at 729) and as to whether the infant plaintiff's injuries were sustained as a result of bodily contact that was intentional and offensive (see e.g. Dimisa v Oceanside Union Free School Dist., 140 AD3d 692; Fugazy v Corbetta, 34 AD3d 728; Goff v Clarke, 302 AD2d 725).
Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging assault and battery.
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court